ALBANY,
Dec. 1834.

The People
v.
Albany C. P.

THE PEOPLE, ex rel. J. White, *vs.* ALBANY C. P.

A party, intending to remove a justice's judgment by *certiorari*, must present a writ of *certiorari* for allowance, as well as an affidavit setting forth the testimony, &c. *within* 20 *days* after the rendition of the judgment.

*It seems*, that the making of the affidavit, and the allowance and service of the *certiorari* on the justice, should all be accomplished *within* 30 *days* after the judgment.

Where a *certiorari* was served within *ten* days after its allowance, but the *allocatur* was not endorsed until 53 days after the judgment, the proceeding was held to be irregular.

A supplemental affidavit, made after the time limited by statute, ought not to be received, except for the purpose of establishing some *collateral matter*; if it affects the merits of the case, it should be rejected.

A MOTION was made in the Albany common pleas to supersede a *certiorari*, returnable in that court, sued out to remove a judgment rendered in the justice's court of the city of Albany. The judgment was rendered on the 24th day of *June* last. On the 14th day of *July*, an affidavit, setting forth the testimony and proceeding, in the cause, was made and presented to a commissioner, but a *certiorari* was not left with him at that time for allowance. On the 23d day of *July*, a supplemental affidavit, more full in stating the testimony and proceedings than the first, but containing no *collateral fact*, was presented to the commissioner; but a *certiorari* was not presented at that time, nor was one presented until the 16th day of *August*, when it was forthwith allowed; and on the 25th day of August served upon the justices of the court, who rendered the judgment sought to be removed. On these facts, the relator moved the C. P. to supersede the *certiorari*, and the motion was denied. He now asks for a peremptory *mandamus*, directing the C. P. to supersede the writ.

*By the Court*, SAVAGE, Ch. J. The statute regulating the allowance of a certiorari to a justice is as follows : "The party intending to apply for such certiorari shall make or cause to be made an affidavit, setting forth the substance of the testimony and proceedings before the justice, and the grounds upon which an allegation of error is founded." 2 R. S. 255,

December 18.

§ 117.  "Such affidavit shall, *within twenty days* after render-ing such judgment, be presented to the first judge of the county courts where the judgement was rendered, or some other judge or officer authorized to perform the duties of a justice of the supreme court at chambers ; and if such judge or officer shall be satisfied that any error affecting the merits of the controversy has been committed by the justice or jury, in the proceedings, verdict or judgment, he shall allow the certiorari by endorsing his allowance thereon."  § 172.  It is well settled that no supplemental affidavit, affecting the mer-its, can be regularly presented after the 20 days have expired. 6 Johns. R. 327.  1 Cowen, 48.  2 id. 440.  The supplement-al affidavit in this case is more full in stating the testimony and proceedings than the first, but contains no collateral fact ; which is the only legitimate object of presenting a supple-mental affidavit. , It was therefore a nullity.  If the judge considered it in allowing the certiorari, he was irregular in do-ing so.  The affidavit of the 14th July was presented in sea-son, but a certiorari was not submitted for allowance until the 16th August.  The statute does not limit the time within which the judge shall act upon the affidavit presented for the allowance of a certiorari, but it evidently contemplated im-mediate action, and certainly that no longer delay should oc-cur than what was necessary to enable him to determine whether an error had been committed or not.  By the 175th section, the certiorari, &c. must be served on the justice with-in *ten* days after allowance ; the affidavit is to be presented within twenty days, making in all 30 days between the judg-ment and the service of the certiorari on the justice, which comports with the time within which an appeal is to be serv-ed, in cases where an appeal is the proper remedy.  See § 191, p. 259.  The 172d section directs that if the judge shall be satisfied that an error has been committed, he shall allow *the* certiorari.  It may be asked what certiorari? and how is the certiorari to be procured for allowance?  The statute is silent, but must be understood as referring to the established and well known practice of presenting to the judge a writ of cer-tiorari, together with the affidavit containing the testimony and proceedings alleged to be erroneous.  The judge is not

to procure or draw the writ. It must be presented to him and is a necessary paper to be produced to him before he can perform his duty. The writ should therefore have been presented by the attorney with the affidavit; the affidavit alone was not sufficient. No writ having been furnished until the 16th August, and the presenting an affidavit without the writ being of no effect, the writ and affidavit are to be considered as presented for the allowance of the certiorari on the 16th August.

The plaintiff in error having failed to comply with the statute, the common pleas should have granted the motion to supersede the writ.

Peremptory mandamus granted, with costs.