DAVID BUNDAY, Appellant, against JOSHUA DUNBAR, Respondent.

APPEAL FROM THE DISTRICT COURT OF RICE COUNTY.

*Sec. 128, Chap. 59, Stat. of Minn., p. 516, requiring that the|writ of certiorari shall be served upon the Justice of the Peace within ten days after its allowance, is not merely directory, but makes it an essential step in the removal of the cause.*

*When a motion to dismiss the writ of certiorari in the Court below, upon a preliminary objection, is denied there, the moving party may discuss the merits without waiving the preliminary objection.*

*The decision of a cause by a Court, which is correct upon the law governing it, cannot be vitiated because the Judge below assigned a wrong reason for the decision.*

Points and Authorities of Appellant.

First.—The merits of the case are with Bunday, Defendant in the original action, and Plaintiff in Error here. And this makes it proper to enquire on what grounds was the order made " *that the cause stand dismissed with costs and disburse ments to the Defendant in Error ?*" No ground is assigned on the record, or in the order ; but the Judge has orally announced " *that the decision was not founded on any motion, or on any objections raised or suggested by counsel, but on the ground that it does not appear, on inspection of the papers with sufficient legal certainty, that there was any legal adjournment from February 9th, when process was returned and*

*pleadings made up, to February* 18*th, when a trial was had, and the judgment complained of was rendered.*" Adopting that announcement as indicating the basis of the order of dismissal—and it may be thought to be the only imaginable ground therefor—it is quite apparent that this record, with its reasonable and legal intendments, will not sustain the ruling.

1st.—Because the records and proceedings of Justices of the Peace, where the parties and subject matter are within their jurisdiction, are to be liberally construed, and every reasonable intendment will be made in favor of their regularity. And while appeals are favored, mere technical defects or omissions are to be disregarded as far as possible, without obstructing the course of justice. *Comp. Stat., chap* 59, *sec.* 104, *p.* 516; 4 *Wis.,* 223; *Cady vs. Anson*; 2 *John. R.,* 378, *Ham vs. Lever.*

2d.—Because if it were conceded, contrary to the legal intendment, that the adjournment from February 9th to February 18th, was not regularly announced and duly entered in the Justice's docket, "*stating at whose request, and for what time,*" then the parties and subject matter having been properly called into court, and being within the Justice's jurisdiction, the irregularity was cured, and the jurisdiction upheld by the voluntary and general appearance of the parties and counsel, and the trial and judgment on February 18th, are obligatory on the parties, and valid. *Voorhies' Code, Ed. of* 1858, *p.* 121, *and Notes and Cases;* 1 *Cow. Rep.,* 245, *Stodard vs. Holmes;* 2 *Hill R.,* 657, *Malone vs. Clark.*

3d.—Because while the statute (*chap.* 59, *sec.* 139, *p.* 517,) providing for APPEAL, requires the Justice to send up a " TRANSCRIPT *of all the entries in his docket relating to the case,*" and thus showing what adjournments were had in his court, the same statutes, in their other sections, providing for proceedings on certiorari, have not that requirement, it being wholly immaterial whether the judgment sought to be reversed was rendered on the return day of process, or on an adjourned day.

4th.—Because, if there were any irregularities respecting the adjournment, and the same were open to objection in the

District Court as error, then, most surely, such error could be no just ground for *dismissing* the cause on certiorari, but would be ample cause for REVERSING the judgment, the precise result sought by the Plaintiff in Error ; and

5th.—Besides, all available objection if any, had been waived in the District Court by an unrestricted appearance and proceeding to a hearing and argument of the cause on its merits ; after that, it was too late for counsel or Court to exhume imaginary irregularities, which had long ceased to have even an ideal existence. *See Voorhies' Code, Ed.* 1858, *p.* 121; 1 *Whittaker's Practice, p.* 425; 1 *Minnesota R.,* 192, *Chcteau, et al., v. Rice, et al.;* 12 *John's R.,* 204, *Levit vs. Green;* 7 *Cowan R.,* 366, *Perixly v. Winchell.*

Points and Authorities of Respondent.

First the record in this action, which is before this Court for inspection, shows that the writ of certiorari was not served upon the Justice within ten days after its allowance. The Defendant, therefore, failing to comply with a substantial requisite of the statute regulating the removal of actions from Justices' Courts by certiorari, the court below could obtain no jurisdiction of the cause, and was bound to dismiss it. *See folios* 7, 8, 11 *and* 12; *The People vs. Albany,* 12 *Wend.,* 263; *Stat. of Minn., p.* 516, *sec.* 115; 4 *Wis.,* 217.

Second.—This Court has jurisdiction only to reverse, affirm or modify the order appealed from, and will not attempt to revise or control the judgment of the Justice of the Peace. *Stat. of Minn., p.* 621, *sec.* 8.

H. C. LOWELL & Co., Counsel for Appellant.

BERRY, PERKINS & PERKINS, Counsel for Respondent.

*By the Court.*—FLANDRAU, J.—The certiorari was allowed in this case on the 2d day of March, 1860, and not served on the Justice until the 17th day of the same month. The Justice made his return to the writ, and among other things certified the time when the writ was served upon him, as required by *section* 130, *chapter* 59, *Compiled Statutes, on page* 516. When the case came on for argument in the District

Court, the counsel for the Defendant in Error, moved to dismiss the writ on several grounds, among which was, that the writ had not been served upon the Justice within ten days after its allowance, pursuant to *section* 128, *on page* 516 *of the Compiled Statutes.* The Court overruled the motion on this ground, but dismissed the cause upon some other objection which does not clearly appear upon the record. It could not have been upon the single other ground urged by the Defendant in Error, " that the return of the Justice was made out by attorney," because that fact does not appear upon the record that I can discover. The counsel for the Plaintiff in Error alleges in his points and written argument. that the Court stated that the motion was granted " because it did not appear from the record that there was any legal adjournment from the return day of the process to the day of trial." However that may be can make no difference with the disposition of the case here. The decision of a cause by a court which is correct upon the law governing it, cannot be vitiated by the Judge assigning a wrong reason for it. The motion to dismiss the writ because it was not served upon the Justice in time, was well taken, and should have been granted. The statute requires it to be done within ten days after the writ is allowed, and makes it part of the duty of the Justice to certify the day that it was served upon him. This particularity, considered in connection with the nature of the subject, puts it beyond doubt that the statute is not merely directory in its requirement that the writ shall be served within ten days, but makes it an essential step in the removal of the cause. *See Heenan vs. Supervisors of Ramsey County,* 2d *Minn. R., p.* 332, where we had occasion to consider what provisions in statutes are directory, and what are designed as conditions, limitations, or restrictions upon the act enjoined or permitted.

If the objection was properly urged in the Court below it should have been granted, and a refusal to grant it there does not prevent the party from again raising it here. When he was overruled in his motion to dismiss, he had a right to discuss the merits and succeed there if he could, and by so doing he did not waive his preliminary objection. If the Court had decided the case on its merits, and reversed the

judgment, the Defendant in Error, in the certiorari, could have removed the cause to this Court and had the motion to dismiss reviewed, and the writ dismissed ; and the fact that the other party brings it here, in no way affects his right to have all questions, properly presented by the record, considered.

The Court was right in dismissing the writ, and the order should be affirmed.