## WINSLOW vs. BRADLEY and another.

An affidavit for the continuance of a cause to procure the testimony of a *co-defendant*, who is alleged to be a material witness, should disclose the substance of the testimony expected to be given by him, so that the court can determine its materiality.

An averment in a complaint that the defendant is indebted to the plaintiff for goods (of over the value of $50) bought of him in the year 1857, upon which, in August of that year, the defendant paid a part of the price, leaving a balance due, &c., implies that the goods were delivered to the defendant, and is not objectionable on the ground that it does not show the contract to have been valid under the statute of frauds.

APPEAL from the Circuit Court for *Jefferson* County.

This action was brought, in January, 1860, against *Bradley & Campbell*, as partners; and the complaint alleged that the defendants were indebted to the plaintiffs for railway ties " bought by them in the year 1857, from Winslow & Harvey," the contract price being $1512.05, of which the defendants, in August, 1857, paid the vendors $850, leaving a balance of $662.05, due and unpaid, which had been assigned to the plaintiff. In March, 1861, the defendants filed a joint answer, and at the September term of that year, moved for a continuance of the cause upon two affidavits, the substance of which is stated in the opinion of the court; and the motion was overruled. The defendants also *objected to* the admission of any evidence upon the trial, on the

ground that the complaint did not state facts sufficient to constitute a cause of action, and the objection was overruled. Verdict for the plaintiff; motion for a new trial overruled, and judgment.

*January Term, 1862.*

*Winslow v. Bradley et al.*

*Harlow Pease,* for appellant:

The continuance of a cause on account of the absence of a material witness, is, on the first application, a matter of right, unless it appears, by counter affidavits or otherwise, that the object is delay. 5 Cow., 15; 6 id., 577; 7 id., 369; 9 Wis., 497; 1 Burr. Pr., 422-3. The affidavits in this case were sufficient. 2. The complaint does not show that the contract for the sale of the ties was in writing; nor that any part of them was delivered; nor that any part of the purchase money was paid at the *time* of sale, and is therefore defective. Abbotts' Pl., 80, note E; Van Santv. Pl., 266-8; 9 How. Pr. R., 365.

*L. B. Caswell,* for respondent, upon the last point, cited 14 How. Pr. R., 490; 2 E. D. Smith, 401; 17 Barb., 141; 25 Barb., 465; 2 Kern., 437; Howard's Code, 196; 15 Barb., 365; 13 How. Pr. R., 360. The allegation of part payment is sufficient to take the case out of the statute of frauds. Browne on Stat. Frauds, 352; 30 Barb., 265; 33 id., 543.

*By the Court,* Cole, J. We do not think there was any abuse of discretion on the part of the circuit court in denying the motion for a continuance in this case. The application for a continuance was founded on two affidavits, one made by the appellant, *Bradley,* and the other by the attorney of the appellants, Mr. Pease.

*May 15.*

Mr. Pease deposes in substance in his affidavit, that he was attorney for both defendants; that *Campbell* made a statement of his case to him and the facts within his, *Campbell's,* own knowledge, upon which he relied for his defense to the action, which he expected to prove upon the trial by his own testimony, and which could not be proved by any other person; that deponent believed such statement was fairly and truthfully made, and showed that his client had a good defense to the whole action upon the merits; further, that in November, 1860, *Campbell* went into the interior of the state

of Texas, where he supposed he now was; that *Campbell* wrote him in May, 1861, saying that he expected to be present at the next term of the circuit court of Jefferson county, but that owing to the rebellion, blockade, and restrictions of the local authorities in the south, *Campbell* had been unable to return, and if a continuance were granted, he believed his client would be present at the next term of court.

*Bradley*, in his affidavit, states in effect, that he had a good defense to the whole action upon the merits, which he expected to establish by his co-defendant, *Campbell*; that he could not safely proceed to trial without the testimony of *Campbell*, who is in Texas, but is unable to return home or have his testimony procured by commission, on account of the rebellion and convulsions existing in the south.

The above constitute the material portions of the affidavits relied on in support of the motion for a continuance. And while giving them their full scope and effect, we still think they are insufficient to authorize the granting of the application. It will be noticed that neither affidavit states what facts it was expected *Campbell* would testify to on the trial. It is stated that he is a "material witness," and that the facts constituting the defense were within his personal knowledge, &c. But the affidavit should at least have stated the substance of the testimony expected to be given by the absent party. *Campbell* was a party to the suit, directly interested in the result, and might have stated things to his attorney which he might not have been willing to testify to on the witness stand. At all events, it is easy to understand why a party to the suit may have a stronger motive than a disinterested witness, for keeping out of the way for the purpose of postponing the trial or delaying the judgment. And it is not too rigid a rule, to require, in case of an application for a continuance on the ground of the absence of a party, who is a material witness, that the affidavits should disclose fully the precise facts, or the substance of the testimony, expected to be proven by such party. The court can then determine whether such testimony is material or not. An application to postpone a trial on account of the absence of a party, stands upon somewhat different grounds from an applica-

tion to postpone it because of the absence of a disinterested witness. In the latter case, a party may use all diligence to have his witness present at the trial, yet fail on account of some neglect of the witness himself. In his own case, he can control his own actions, and, if not able to be present at the trial, can take steps to have his deposition taken. If a party can obtain a continuance by merely making an affidavit that an absent co-defendant is a material witness, it will operate very unjustly in many cases. Certainly it should appear that the application for continuance is made in entire good faith, and not for delay ; and there is no hardship in requiring that the affidavit disclose the substance of the testimony expected to be given by the absent party.

An objection is taken to the sufficiency of the complaint, but we think it good in substance. If not sufficiently specific and clear, the defendant might have made his motion that it be made more certain. Still, by the strongest implication, the averments of the complaint show that the railroad ties were delivered to and received by the defendants.

We are of the opinion that there is no error in the record, and that the judgment of the circuit court should be affirmed.