JOHN CUNNINGHAM VS. LA CROSSE AND SAINT PAUL PACKET COMPANY.

In an application for a certiorari to a Justice's Court, the presentation of the affidavit required by *sec.* 124, *chap.* 59, *Comp. Stat.*, within twenty days after the rendition of the judgment, is an essential requisite to the authority of the Judge to allow the writ of certiorari.

The omission to state in the affidavit that the application is made in good faith and not for the purpose of delay, renders the affidavit substantially defective, and the Judge has no authority to allow the writ; nor is the affidavit amendable.

John Cunningham, the respondent, brought an action against the La Crosse & St. Paul Packet Company, appellant, before a Justice of the Peace of Ramsey County, and recovered a judgment therein on the 28th day of November, 1862. An affidavit was presented to the Judge of the District Court of said county, on the part of said Company as plaintiff in error, against said

Cunningham as defendant in error, and a writ of certiorari was issued thereon on the 18th day of December, 1862. The cause was brought to a hearing at a special term of the District Court on the 29th day of January, 1863, and a motion was made on the part of the defendant in error to dismiss the writ, on the ground that the affidavit on which the same had been allowed was insufficient, in not stating that the application for such writ was made in good faith and not for the purpose of delay. The counsel for plaintiff in error offered to amend the affidavit by causing the omitted allegation to be inserted, and the same as amended to be verified, and moved for leave to make such amendment. The Court denied the motion for leave to amend, on the ground that it had no authority to allow the same, and granted the motion to dismiss the writ; and the plaintiff in error appeals to this Court.

LORENZO ALLIS for Appellant.

I.—The Court erred in not allowing plaintiff in error to amend his affidavit.

Our statute provides that "whenever any proceeding taken by a party fails to conform in any respect to the provisions of the statutes, the Court may permit an amendment of such proceeding so as to make it conformable thereto." *Comp. Stat.*, *chap.* 60, *sec.* 90, *p.* 544; *Bouvier's Law Dictionary*, *Title Amendment Practice*, *p.* 98, *and authorities there cited;* 1 *Burrell*, 476 *et seq.; Dickson vs. Seelye*, 6 *John.*, 327; *Flannegan vs. Murphy*, 2 *Wend.*, 291; *Clark vs. Lawrence*, 1 *Cow.*, 48; *Phillips vs. Brainard*, 2 *Cow.*, 440.

II.—The affidavit is in no sense jurisdictional. It is made to inform the Judge of the ground of the application. The allowance of the writ is a judicial act of the Judge, based on the information presented to him. If the Judge is satisfied that any error affecting the merits of the controversy has been committed, he is authorized to allow the writ. *Comp. Stat.*, (126) *sec.* 113, *p.* 516.

It is from the affidavit and from that only that the Judge is to be "satisfied." When this affidavit has "satisfied" the Judge

and he has allowed the writ, the affidavit is *functus officio*. The order of allowance is the jurisdictional act, for it is the first judicial act in the premises. Upon this order the writ or mandate for the removal of the cause issues.

The certiorari does not issue upon the affidavit, but upon the order of the judge. It is error, therefore, to dismiss a writ which has been regularly allowed and executed because of a defect in the affidavit upon which the writ was originally granted. The affidavit has once "satisfied" the Judge, and has performed its office. It is too late to inspect its defects.

GRANT & FREEMAN for Respondents.

The District Court was right in refusing to permit the plaintiff in error to amend the affidavit.

I.—Because it had never acquired jurisdiction of the action.

II.—Because the affidavit was the jurisdictional paper.

III.—Because the time within which a writ could issue had passed.

IV.—The statute of amendments does not apply to this case.

V.—There was nothing in this case to show that the defect in the affidavit was a clerical error.

VI.—The application to amend was addressed to the discretion of the Court, and this Court will not interfere with the exercise of this discretion. *See Comp. Stat., page* 515, *Sec.* 124.

*By the Court*—McMILLAN, J.—The statute regulating the removal of causes from Justices' Courts by certiorari, provides that "The party applying for such certiorari, his agent or attorney, shall within twenty days after the rendition of such judgment, present to a Judge of a court of record an affidavit stating that in his belief there is reasonable cause for granting such certiorari for error in such judgment, (setting forth the ground of error alleged,) and that the application is made in good faith and not for the purpose of delay," &c. *Comp. Stat., page* 515, *Sec.* 124.

The statute further provides, "If such Judge shall be satisfied

that any error affecting the merits of the controversy has been committed by the Justice or Jury in the proceeding, verdict or judgment, he shall allow a writ of certiorari by endorsing on the affidavit his allowance thereof. *Comp. Stat.*, *page* 516, *Sec.* 126.

The presentation of the affidavit, provided for in the section first cited, within the time limited, is an essential requisite to the authority of the Judge to allow the writ of certiorari. *Bunday vs. Dunbar*, 5 *Minn.*, 444.

The statute prescribes what the affidavit shall contain, and a substantial compliance therewith is as necessary as that the affidavit be presented within the twenty days limited by the statute. There are three substantive matters required in the affidavit. First, a statement that in the belief of the party applying for the writ there is reasonable cause for granting such certiorari for error in the judgment. Second, the grounds of error alleged must be set forth. Third, a statement that the application is made in good faith and not for the purpose of delay.

As this proceeding is regulated entirely by the statute, we have no authority to regard either of these requisitions as matter of form, but must consider them all as matters of substance and equally essential.

In this instance there is a total omission of the statement that the application is made in good faith and not for the purpose of delay. The affidavit, therefore, was substantially defective, and the Judge had no authority to make an order allowing the writ.

As the defect is one of substance, and goes to the jurisdiction of the Judge to allow the writ, we do not think the affidavit was amendable.

The statute of New York under which the decisions referred to by the counsel for the appellant were made, required only that "The party intending to apply for such certiorari shall make or cause to be made an affidavit setting forth the substance of the testimony and proceedings before the Justice, and the grounds upon which an allegation of error is founded. 2 *Rev. Stat.*, 255. "It is well settled," says Savage, Ch. J., considering this section, "that no supplemental affidavit affecting the merits can be regu-

larly presented after the twenty days (the time limited by the statute) have expired." *The People vs. Albany, C. P.*, 12Wend., 264. And in the cases cited by the counsel for the appellant, the supplemental affidavits were regarded as explanatory of collateral facts, and not as supplying substantial defects in the original affidavit, which, the same authorities concur in saying, cannot be done.

We are therefore of opinion that the amendment was properly refused.

The order of the Court below is affirmed.