C. O. LIVINGSTON, PLAINTIFF IN ERROR, VS. C. P. COOPER, EXECUTOR, &C., DEFENDANT IN ERROR.

1. An application for the continuance of a cause is always addressed to the sound discretion of the court, and must be left to the tribunal which has the parties before it, and who must determine from a variety of circumstances occurring in its presence whether such applications are made in good faith.

2. Except it appears from the record that there has been an abuse of such discretion, whereby the rights of the party may have been jeoparded, the decision of the court will not be disturbed.

3. Instructions given by the court to the jury are based upon the evidence adduced on the trial, and to enable the appellate court to determine as to the correctness of the rulings of the court below, in granting or refusing the instructions so asked, that evidence must be produced in the bill of exceptions.

4. It is a rule of law, well settled, that every presumption is in favor of the correctness of the ruling of the court below, and in order to induce the appellate court to reverse such ruling it must appear that an error has been committed. And when a party fails to bring up the evidence upon which such ruling is based this court will refuse to consider the exception.

Writ of error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*M. C. Jordan* for Plaintiff in Error.

*C. P. & J. C. Cooper* for Defendant in Error.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court:

Charles O. Livingston brought his action in the Circuit Court of Duval county against Charles P. Cooper, executor, &c., of John Roberts, deceased, to recover upon a note of which the following is a copy: " $250.00. Jackson-

-ville, Dec. 29th, 1876.   Sixty days after date I promise to pay Mrs. E. G. Magruder, or order, two hundred and fifty dollars for value received, and after the expiration of sixty days drawing ten per cent. per month interest.

[Signed,]        "JOHN ROBERTS."

[Endorsed.]   "E. G. MAGRUDER, E. G. RUSHING."

The defendant pleaded, first, no consideration in law to support the promise.   Second. That the note was obtained from Roberts, in his life time, by fraud and imposition. That Mrs. Magruder pretended that she could cure said Roberts of disease, and make him well by conjuring him. Third. That plaintiff was well informed and had full knowledge of the facts which constituted the fraud by which E. G. Magruder obtained said note, and of the want of consideration at the time he purchased the note; and defendant denies that plaintiff gave a full and adequate consideration for the note.

Upon the trial the jury found for the defendant, and judgment was thereupon duly entered.

The plaintiff then moved for a new trial upon the following grounds:

1st.  Because the court erred in refusing plaintiff's application for a continuance.

2d.  The court erred in compelling the plaintiff to go to trial before issue joined, and after amended pleas filed the day before, some of which were just stricken out upon motion, and some of which were overruled upon demurrer.

3d.  Because the court erred in refusing plaintiff second and third requests to charge.

4th.  Because the court erred in giving defendant's fourth request to charge.

5th.  Because the verdict is contrary to law.

This motion was denied and the plaintiff brings the case here by writ of error.

To procure a continuance of the cause in the court below the plaintiff's attorney introduced and read the affidavit of the plaintiff to the effect that E. P. Rushing was a necessary and material witness for him on the trial of the cause, that he could not safely proceed to its trial without his testimony, that he is out of the county, and does not reside within the State. That he has endeavored to get the address of the said witness and communicate with him, but has failed to find him. That he is absent without the consent of plaintiff, that he expects to prove by the witness that Mrs. E. G. Magruder gave full and adequate consideration for the note. That Roberts made the note upon such full and adequate consideration. That the plaintiff gave to Mrs. Magruder full and adequate consideration for the endorsement of the note to him. That the application is not made for delay, and that defendant's first plea raises a question just pleaded in the case and that he is unable now to meet the plea by reason of surprise. The defendant objected to such continuance upon the ground that plaintiff had not shown the use of due diligence to obtain the testimony of the witness. The court denied the motion for a continuance. The plaintiff's attorney thereupon took an exception to the ruling of the court. "Applications for continuances are addressed to the discretion of the court, and must be left to the tribunal which has the parties before it, and must determine from a variety of circumstances, occurring in its presence, whether applications are made in good faith." Gladden vs. The State, 12 Fla., 562; Harrell vs. Durrance, 9 ib., 490; Barber vs. The State, 13 Fla., 676.

The affidavit does not state that plaintiff cannot prove the same matters by any other witness. The residence of

the witness is not known, but it is shown that he lives out of the State, and therefore beyond the jurisdiction of the court. This action was originally commenced some years ago, has twice been tried in the court below, and has been in this court on appeal twice before. First reported in 18 Fla., 70 ; and second in 19 Fla., 684. The consideration for the note was in question in both of these trials, as well as the consideration for its transfer to the plaintiff. Many witnesses were examined, but the name of Rushing does not appear among them. The same defences were substantially insisted upon in each of these trials. The evidence of Rushing might have been only cumulative, but as there is none of the evidence taken in the cause brought up in the bill of exceptions, we are unable to judge. The plaintiff did know what the defences to the note were, he himself had been a witness on both of the other trials, and testified as to the consideration therefor. If Rushing's testimony had been material on this trial plaintiff had some years in which to discover his residence, and plenty of time within which to have secured his evidence by commission or otherwise. This court has said in McNealy and Roulhac vs. The State, 17 Fla., 198, that the application for a continuance " is addressed to the sound discretion of the court, and except it appears that there has been a gross abuse of discretion, whereby the rights of the accused may have been jeoparded, the decision of the court will not be disturbed," and cites many authorities. There does not seem to have been any abuse of discretion in the court in refusing this motion for a continuance, and consequently there is no error. 54 Missouri, 177.

The second error assigned is that the court charged the jury at the request of the defendant that " when the consideration for a note is denied by the defendant, and the defendant pleads that the purchaser of said note knew the

want of consideration when he purchased said note, and there is proof by defendant showing that the consideration for the note was doubtful, and that the plaintiff knew it when he purchased, then it is incumbent upon the plaintiff to show that there was a valid consideration given by the payee to the maker of said note." This charge was not erroneous. In the opinion of this court, in this same case in 19 Fla., 684, the following language is used: "The onus of showing a valid consideration for the giving of the note was thrown upon him (the plaintiff) by the proof that the consideration was at least doubtful, and that he knew it when he bought the paper. He failed to show a good and valuable consideration, but submitted his case upon proofs which negatived his right to recover."

Aside from this, there is no evidence taken on the trial before us from which we can judge of the correctness of the charge.

The third error assigned is in the courts refusing to charge the jury at the request of plaintiff that " there may be no consideration whatever given for a promissory note and yet it may be good. For instance, a person may make a note to another as an accommodation, and before its maturity it is endorsed or transferred to a person having no knowledge of such fact and for value, the want of or illegality of consideration is no defence."

As we have above remarked, this bill of exceptions brings with it none of the evidence taken on the trial below, and we fail to see how the refusal of the court to charge as requested could by any possibility injure the plaintiff. Instructions thus given by the court to the jury are based upon evidence adduced at the trial, and to enable the appellate court to determine the correctness of the rulings of the court in granting or refusing the instructions so asked, that evidence must be produced. It is a rule of law, well

settled, that every presumption is in favor of the correctness of the rulings of the court below, and in order to induce the appellate court to reverse such ruling it must appear that an error has been committed, and when a party fails to bring up such evidence upon which the ruling is based this court will refuse to consider the exception. Burk vs. Clark, 8 Fla., 9 ; Tompkins vs. Eason, 8 Fla., 14 ; Fash vs. Clark *et al.*, 8 Fla., 16 ; Blige vs. State, 20 Fla., 742.

After the record in this case was filed in this court, the defendant made a motion to strike from it the bill of exceptions, upon the ground that it was not signed by the judge within the time allowed by him in his order granting such time. The record shows that the cause was tried on the 17th day of December, 1883. That on the 21st day of same month plaintiff made his motion for a new trial. That judgment was entered on the 27th day of December. That on the 26th day of January, 1884, by virtue of a special order made by the court granting time within which to do the same, the plaintiff proposed his bill of exceptions which purports to be signed on the said 26th day of January, 1884. The judge appending the following certificate to the bill: " This bill of exceptions having been presented within the time allowed by the court, and during the absence of the Judge, it is signed *nunc pro tunc*.

" JAMES M. BAKER, [L. S.]

" Judge of the Circuit Court of the Fourth Judicial Circuit of Florida."

We have concluded to deny the motion to strike out the bill of exceptions, under the ruling in Mayo vs. Hynote, 16 Fla., 673. and decide the case upon the record.

The judgment is affirmed.