Hillyer & Lee, *contra.*

---

## Ross *v.* McDuffie & Armstrong.

1. A case having been duly called, and without objection set for trial at a specified time, four days later, and the trial having then begun in the absence, without excuse, of counsel for defendant, it was not error, upon his coming into court, to refuse to continue the case on his motion on the ground that his client, a lady who was then residing in another county, was not present and he could not safely go to trial without her presence, and that he had mailed her a letter on the day the case was set, notifying her of

the time of trial. Nor was it error, after verdict in plaintiff's favor, to refuse a new trial on the ground that this letter was prevented from reaching the defendant in time for her to attend the trial, because of storms and floods delaying the mails, it appearing that no plea had been filed, and defendant's affidavit in support of this ground, although alleging in general terms that she had a good defence to the action, not stating nor in any manner showing what the alleged defence was.

2. A contract executed by two parties, wherein the party of the first part acknowledges receipt of a cash payment, and agrees, in consideration thereof and of a certain sum to be paid monthly thereafter for a stated term, to "rent" to the party of the second part for that term a certain piano, and upon the payment of the "rent" as stipulated to give a receipt for the payment in full of the piano, is a contract of conditional *sale*. *Hays* v. *Jordan & Co.*, 85 *Ga.* 741, and cases cited; *Cottrell & Sons* v. *Merchants & Mechanics Bank*, 89 *Ga.* 508, 15 S. E. Rep. 944.

3. When, in a trover suit for the recovery of personalty sold of which the seller had reserved the title and which had been partly paid for, the plaintiff elects to take a money verdict, the proper amount to be recovered is the unpaid balance of the purchase money with interest thereon, embraced in one aggregate sum. *Bradley* v. *Burkett*, 82 *Ga.* 255, and cases cited.

4. On the trial of a trover suit for property held by defendant under a conditional sale from the plaintiffs, there being no special plea whatever filed by defendant nor tender back of the property, and it appearing that defendant is still in possession and that this possession has not been disturbed by action or otherwise, it was not error to reject evidence tending to show that the title to the property was not in the plaintiffs at the time of the conditional sale, although it may be true that since the sale other persons have asserted title and notified defendant not to pay plaintiffs for the property.                                          *Judgment affirmed*.

January 4, 1893.

Before Judge Ross. City court of Macon. June term, 1892.

Trover was brought against Mrs. Ross for a piano which the plaintiffs alleged she received from them on November 25, 1891. The verdict was in their favor, and her motion for a new trial was overruled.

1. In accordance with the rules of the court, the case was called in its order on Friday, June 24, and set for trial at 9 o'clock on Tuesday, June 28. Defendant's

counsel was absent without leave when it was so.assigned, but came in at the adjournment of the meeting and asked the judge if any of his cases had been assigned. The judge replied he thought there had been, referred counsel to the calendar, and left the bench. On Tuesday the case proceeded to trial in the absence of defendant's counsel, who came into court about half-past nine o'clock after the jury had been selected, and stated that he represented a case in the U. S. court which had been set for that day, and was just from that court where he had been to see the judge to get that case postponed in order to attend to this. He further stated that on Friday evening he had asked the court, after this case had been assigned for trial, to postpone it to a later day than Tuesday, because his client resided in another county some distance from her post-office, and the mail would not likely reach her before Tuesday; but that the court refused to postpone it, and though counsel had mailed a letter to her on Friday, she was not present, and he could not proceed to trial without her. Under this showing he moved to withdraw the case from the jury and to continue it. The overruling of this motion is one of the grounds for new trial. In this connection the judge certifies that he has no recollection of any motion to vacate the assignment of the cause for trial; that the U. S. court convened at 10 o'clock and the city court at 9 o'clock; and that he had not been informed, until counsel came in about half-past 9 o'clock, of any engagement in the U. S. court. As further cause for new trial, the defendant made affidavit that the mails reached her post-office only on Tuesdays, Thursdays and Saturdays, and she sent regularly at each time for the mail; that the letter mailed to her on Friday did not reach her on Saturday, on account of the impassable condition of certain streams; that but for such high water she would have

received the letter, as it was in the mail which came through on Tuesday, when the water abated; that had she received it she would have come to court; and that she had a good defence to the suit.

2, 3. Errors are assigned on the following charge to the jury: "The court construes the contract to be a conditional sale. As the plaintiff has elected to take a money verdict, if you find for the plaintiff you should find the amount due on said contract, deduct the amount paid and find the balance due in favor of the plaintiff with interest thereon in one lump, as the proven value of the property sued for."

4. Error is assigned on the refusal to allow witness Armstrong to answer the question, "To whom did that property belong when you delivered it to Mrs. Ross?" defendant's counsel stating that he expected to show that plaintiffs did not have title to the property, that other parties had claimed it since it was in defendant's possession, and had notified defendant not to pay any money to plaintiffs for it, and that the possession of defendant had not been otherwise interfered with.

M. G. Bayne, for plaintiff in error.

Hardeman, Davis & Turner, by brief, contra.