## J. W. BEARD ·V. HENRY MACKEY.

CONTINUANCE—*Absence of Defendant.* A postponement of the trial of a cause on account of the absence of defendant, who it was alleged was unable to attend by reason of personal injuries which he had suffered, was asked for by his counsel. In the affidavit made to obtain the postponement, the inability of the defendant to attend was shown, and it was further stated that no defense could be made without his personal attendance and assistance. The motion to postpone was overruled. There had been a previous trial of the cause, and it was not shown that he had a *bona fide* defense to make, nor that he was a witness to any material fact or possessed of any knowledge which was not shared by his counsel. *Held,* That there has not been such an abuse of discretion shown as to require a reversal of the ruling.

*Error from Pratt District Court.*

ACTION by *Mackey* against *Beard,* to recover the possession of certain personal property. There was a judgment for plaintiff before a justice of the peace; on appeal to the district court, judgment for plaintiff, at the May term, 1889, and defendant brings error.

*N. B. Carskadon,* for plaintiff in error:

The contention of the plaintiff in error is, that the court erred in forcing the case to trial during his necessary absence, owing to a little difficulty that he had with a cyclone; that the plaintiff, owing to said difficulty, was absolutely unable to attend and be present at his trial. That it was error for the court to force him to trial during his absence on account of his injuries, see the following cases: *Mathew v. Willoughby,*

11 S. E. Rep. 620; *National Bank v. Caldwell*, 8 N. Y. S. 380; *Carter v. Wharton*, 82 Va. 264; *Harlow v. Warren*, 38 Kas. 480.

*J. C. Ellis*, for defendant in error:

Unless it is shown that the court abused its discretion in refusing the continuance, the ruling of the trial court will not be declared to be erroneous. *Hottenstein v. Conrad*, 9 Kas. 436; *Davis v. Wilson*, 11 id. 74; *Swenson v. Aultman*, 14 id. 273; *Harlow v. Warren*, 38 id. 480.

We submit that there is nothing in that affidavit but could have been truthfully sworn to if the fact had existed within the knowledge of the subscriber that there was absolutely no defense to plaintiff's action, with or without the presence of Beard. It nowhere states that a defense could be made with Beard's presence and assistance, that he was a witness to any material fact, or that he possessed any knowledge about the facts that was not shared by his attorneys with reference to the testimony of the witnesses or any other feature of the case.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover the possession of personal property of the alleged value of $100. It was first brought before a justice of the peace, where the plaintiff, Henry Mackey, was successful. The defendant, J. W. Beard, appealed to the district court, and when the term arrived, when the case was set for trial, his attorney asked for a postponement, upon the ground that Beard was unable to be present at the trial. In an affidavit made by his attorney, it was stated "that it would prejudice his defense, and that in fact no defense could be made without his personal attendance and assistance and suggestions; that said defendant, Beard, will not be able to attend this court, for the reasons set up in certificate of physician, hereto attached." The certificate of the physician, which was dated about a week prior to the application for continuance, certifies that "J. W.

Beard now lies at the residence of William Beard, in Haines-ville township, Pratt county, Kansas, suffering from injuries received by a cyclone on the evening of May 6th, and on account of said injuries will not be able to attend this term of court." The court denied the application for a postpone-ment, and proceded with the trial, which resulted as before, in a judgment for Mackey. The ruling denying the appli-cation for a postponement is the only one about which com-plaint is made.

Motions for continuance are addressed to the sound judicial discretion of the court, and, being largely within that discretion, the supreme court will not reverse the ruling of the trial court thereon unless there has been a plain abuse of such discretion. The personal attendance of a party to an action is generally important and necessary, and the cases are rare where a court would be justified in compelling counsel to proceed with a trial when it is shown that his client is unable to be present. We cannot say that an abuse of discretion has been shown in this case. While it was stated in counsel's affidavit that no defense could be made without his personal attendance, it was not stated that he had a *bona fide* defense to make, nor was it stated that he was a witness to any material fact, or possessed of any knowledge which was not shared by his counsel. The case had been tried in justice court, and counsel were thereby informed of the nature of the case and of the testimony of the witnesses. It does not appear that he was a witness in the justice court, or that he was expected to testify in the district court. Looking at the affidavit, and also at the nature of the case as developed by the testimony, we cannot hold that there has been such an abuse of discretion as will require a reversal of the ruling of the district court. The judgment of the dis-trict court will therefore be affirmed.

All the Justices concurring.