### JOSEPH PAULUCCI v. J. H. VERITY & Co.

CONTINUANCE—*Absence of Party.* It is not error to overrule an application for a continuance made on behalf of one of two defendants who are sued as co-partners, when the only showing made is that the defendant so applying is a nonresident of this state, is unable to attend at that term on account of sickness, and desires to attend the trial of the case, and there is no evidence that his attendance is necessary, either as a witness, or as a party to advise in making a defense in the action.

MEMORANDUM.—Error from Wabaunsee district court; WILLIAM THOMSON, judge. Action by J. H. Verity & Co. against Joseph Paulucci and W. C. Paulucci. Judgment for plaintiffs, and defendant Joseph

Paulucci brings error.    Affirmed.    The facts appear in the opinion herein, filed July 6, 1895.

*S. B. Isenhart*, for plaintiff in error.
*Wheeler & Switzer*, for defendants in error. ·

The opinion of the court was delivered by

CLARK, J.: The only error assigned in this case, which is urged upon the court in the brief of counsel for plaintiff in error, is the ruling of the district court of Wabaunsee county, where the case was tried, refusing the application of the plaintiff in error, one of the defendants below, for a continuance of the trial of the case.    This was an action brought by Verity & Co. against Joseph Paulucci and W. C. Paulucci to recover the amount alleged to be due and owing by the defendants to the plaintiffs on account for goods sold and delivered to them by the plaintiffs.    The defendants answered by separately filing a general denial to the petition.    The petition was filed October 16, 1890, and the case called for trial at the February, 1891, term of court.    The plaintiff in error, Joseph Paulucci, was a resident of the state of Ohio, and made application, on February 5, 1891, for a continuance, on the ground of sickness and inability to attend the trial at that term of court.    The only showing made on the application was by the affidavits of Joseph Paulucci, his physician in Ohio, and by one of his attorneys.    His alleged sickness and inability to attend is satisfactorily shown by such affidavits.    The only showing made as to the necessity of his presence at the trial is the statement in the affidavit of Joseph Paulucci, as follows :

"That he desires to be present at the trial of the above-entitled cause in person ;    .    .    .    that if said

cause is continued to the next term of said court he expects to be able to attend court, and will be present at the trial of said cause.''

And the statement in the affidavit of his attorney, as follows :

'' That affiant desires that said Joseph Paulucci be present at the trial of said cause ; that this affiant believes, from the statements made to him by the said defendant, that he has a valid defense to said plaintiff's claim, sued herein.''

This certainly is no sufficient showing for a continuance. The defendants below were partners, and the action grew out of a partnership transaction. It is not claimed that Joseph Paulucci had any personal knowledge of the business, or of the correctness of the account sued upon, or that he had any information bearing on the issues to be tried that would be of importance in presenting the defense.

The mere desire of a party to a suit to be present at the trial, or the desire of his attorney to have him there present, is not a sufficient reason for a continuance of a case over a term of court. Such a desire may grow out of mere curiosity, or from the mere general interest any party to litigation has in its results, without any expectation of the party being able himself in any way by his presence and counsel to give material aid in the case. No showing is attempted to be made that there was any valid defense to the action. The general denial gives the court no definite information, and all that counsel ventured to say was that, from statements made to him by his client, he believed he had a valid defense. Whether such defense consisted of a denial of the purchase of the goods, or a claim of payment or other matter, is not disclosed. Motions for continuance are always

addressed to the sound judicial discretion of the court, and the refusal of a continuance is not reversible error, unless it clearly appears that the court abused such discretion. (*Beard v. Mackey*, 51 Kas. 131.)

The record further shows that, on the trial of the case, counsel for the defendants below made no effort toward presenting a defense of any kind, not even cross-examining one of the plaintiffs below who testified as a witness to the correctness of the account sued upon and amount due thereon. We think the decision of the court in refusing the continuance entirely correct. The judgment will be affirmed.

All the Judges concurring.