W. Y. REYNOLDS, PLAINTIFF IN ERROR, v. J. W. SMITH, DEFENDANT IN ERROR.

1.  Where no exceptions were taken to the refusal of the trial court to grant a continuance, the action of the trial court will not be reviewed by this court.

2.  The affidavit for a continuance, because of the absence of a party to the cause, should disclose fully the precise facts or the substance of the testimony expected to be proven by such party, and that facts sought to be proved by the party can not be sufficiently proven by other witnesses.

3.  In deciding upon the sufficiency of an affidavit for continuance, no presumption favorable to the applicant is to be indulged.

4.  This court will not reverse a judgment because the referee denied a motion for a continuance of the cause, unless there has been a palpable abuse of discretion by the referee, to the detriment of the applicant therefor, clearly and affirmatively shown by the record.

5.  Where the defendant made both a motion for new trial and in arrest of judgment after the judgment of the referee was filed, but within the time allowed by statute for making such motions, brought the same on for hearing and

had a ruling thereon, he can not complain, in an appellate court, of the action of the referee in considering and entertaining the motions.

6. A correct ruling will not be disturbed because the referee assigned a wrong reason for the ruling.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*H. S. Hampton,* for Plaintiff in Error.

*Chas. E. Harrison* and *Donald C. McMullen,* for Defendant in Error.

PARKHILL, J. On the 18th day of July, 1903, defendant in error, who was plaintiff in the court below, began an action in assumpsit in the Circuit Court for Hillsborough county against plaintiff in error. To the plaintiff's declaration the defendant filed four pleas. Issue was joined on the first and second pleas, and demurrer to the third and fourth pleas were sustained. An amended third plea was filed and the plaintiff made a motion to strike it. The parties by their respective attorneys having agreed upon a reference, this cause was referred by the judge of the Circuit Court to a referee for trial. The motion to strike the amended third plea was withdrawn, and issue was joined thereon. Motions for a continuance were made by the attorney for defendant and denied by the referee, and

on the 5th day of August a trial was had. The referee found in favor of the plaintiff, and on the date last mentioned he filed his finding and judgment in the Circuit Court. On the 8th day of August, 1904, the defendant made a motion in arrest of judgment and for a new trial, which motions were denied by the referee on August 29th. A writ of error was taken to the judgment.

I. The first assignment of error is that the court erred in overruling the motions for continuance and each of them. The first motion for a continuance was made on July 12th at the time set by the referee for the trial of the case. This motion was denied, but the case was set for trial for July 16th. On July 15th and 16th the defendant by his attorney filed motions for a further continuance, but the referee overruled the motions and the plaintiff was allowed to introduce his evidence, and the defendant was allowed twenty days within which to introduce evidence. These postponements were for the benefit of the defendant. He reserved no exceptions to these rulings, and the action of the referee on these motions will not be reviewed by this court. Sections 1265, 1266 Revised Statutes of 1892; Coker v. Hayes, 16 Fla. 368; Gallaher v. State, 17 Fla. 370; Willingham v. State, 21 Fla. 761, text 784; Barnes v. Scott, 29 Fla. 285, text 289, 11 South. Rep. 48; Tischler v. Apple, 30 Fla. 132, text 136, 11 South. Rep. 273; Coad v. Home Cattle Co., 32 Neb. 761, text 772, 49 N. W. Rep. 757; Bingham v. Davidson, Ala. ... 37 South. Rep. 738.

We will now consider the propriety of the ruling of the referee denying the motion for a continuance made on August 4th. This continuance was applied for because of the absence of the defendant. The affidavit offered in support of this motion was made by the attorney for the

defendant and alleged that affiant had made diligent effort to locate the defendant; that delay in this cause is not due to affiant, nor is it due to the laches on part of defendant, for he has been visited by a serious illness, but if this affiant is given sufficient time he tenders and offers to take the testimony of defendant by deposition. Attached to this affidavit is the copy of a telegram from defendant, dated Pollock, Ida. by Council, Ida., July 20, 1904, stating that he is sick and unable to come. There was a letter, also, accompanying the affidavit as follows:

Iron Springs via Council, Ida.

Aug. 7, 1904.

Dear Sir:—

Your telegram just received was the first notice I had that I was wanted as a witness in my case, having been sick and unable to attend to any business, and am too weak to travel, but hope to be able in a day or two to leave for Florida. If I can do so would like to remain here a little longer, but will come just as soon as I am able to travel. My witnesses in this case as to the conversation between Smith and myself are J. C. Blocker and Capt. Rann.

(Signed) W. Y. Reynolds.

In the first place this affidavit is insufficient. The affidavit should at least have stated the substance of the testimony expected to be given by the absent party. Fisse v. Katzentine, 93 Ind. 490, text 494; White v. Blasland, 42 Ga. 184; Ross v. McDuffie, 91 Ga. 120, 16 S. E. Rep. 648. It is a well established rule in this State that where a party applies for a continuance on the ground of the absence of a witness he must state in affidavit the facts expected to be proved by said witness. Harrell v. Durrance, 9 Fla. 490; Sanford v. Cloud, 17 Fla. 532.

In Winslow v. Bradley, 15 Wis. 394, it is said: "It is not too rigid a rule, to require, in case of an application for a continuance on the ground of the absence of a party, who is a material witness, that the affidavit should disclose fully the precise facts, or the substance of the testimony, expected to be proven by such party. The court can then determine whether such testimony is material or not. An application to postpone a trial on account of the absence of a party, stands upon somewhat different grounds from an application to postpone it because of the absence of a disinterested witness. In the latter case, a party may use all diligence to have his witness present at the trial, yet fail on account of some neglect of the witness himself. In his own case, he can control his own actions, and, if not able to be present at the trial, can take steps to have his deposition taken."

In the next place it is not shown that any facts could have been proved by the defendant, if present, which might not have been sufficiently proved by other witnesses. Livingston v. Cooper, 22 Fla. 292; Hazen v. Lundy, 83 Ill. 241; Owens v. Tinsley, 21 Mo. 423. It is true that in an affidavit used in one of the motions for a continuance it was stated by the attorney that "the defense set up in the plea filed can only be shown by the defendant." This general statement is not sufficient. Ross v. McDuffie, 91 Ga. 120, 16 S. E. Rep. 648; Clark v. Carey, 41 Neb. 780, 60 N. W. Rep. 78.

In Beard v. Mackey, 51 Kan. 131, 32 Pac. Rep. 921, it is said: "While it was stated in counsel's affidavit that no defense could be made without his (defendant's) personal attendance, it was not stated that he had a bona fide defense to make, nor was it stated that he was a witness to any material fact or possessed of any knowledge which was not shared by his counsel."

But the letter from the defendant seems to contradict the statement in the affidavit on this point, for he states the names of his witnesses and does not intimate that he knows anything about which they could not testify.

In deciding upon the sufficiency of an affidavit for a continuance, no presumption favorable to the applicant is to be indulged. Mason v. Anderson, 3 T. B. Munroe (Ky.) 293.

"Applications for continuances are addressed to the discretion of the court and must be left to the tribunal which has the parties before it, and it must determine from a variety of circumstances occurring in its presence whether applications are made in good faith." Livingston v. Cooper, 22 Fla. 292; Denham v. State, Ibid. 664.

This court will not reverse a judgment because the referee denied a motion for a continuance unless there has been a palpable abuse of discretion by the referee clearly and affirmatively shown by the record. Jones v. State, 44 Fla. 74, 32 South. Rep. 793.

There is nothing here to indicate an abuse of discretion in the denial by the reference of the motion for a continuance. The defendant left the State for the benefit of his health, agreeing to return in a short time for the trial of the case. Although the defendant knew that the plaintiff was insisting upon a trial, he did not return, neither did he keep his attorney informed of his whereabouts. He made no effort at any time to have his deposition taken. The referee twice postponed the trial of the case upon request of the attorney for the defendant. On August 7th, the defendant in his letter says that a telegram just received was the first notice he had that he was wanted as a witness, and yet seventeen days before that time he telegraphed his attorney that he was "sick and unable to come."

Upon a careful consideration of all the facts and circumstances of this case we are very clearly of the opinion that the referee did not err in refusing to grant the motion of the defendant for the continuance.

II.   The second assignment of error is that the court erred in entering up judgment in said cause against the defendant; and the third assignment of error is that the referee did not have jurisdiction in said cause. They have been argued together, and will be so considered.

In support of these vague and indefinite assignments, it is argued that the referee "without giving the defendant an opportunity to file the motion for new trial and arrest of judgment, filed with the clerk of the Circuit Court his verdict and judgment," and that the judgment of the referee having been filed, it became final, and "the conduct of the referee in refusing to delay the said cause for the purpose of allowing the defendant to file a motion for new trial or in arrest of judgment was clearly a violation of law."

As the defendant made both a motion for new trial and a motion in arrest of judgment in this cause after the judgment of the referee was filed, but within the time allowed by statute for making such motions after the referee arrived at a judgment, and brought the same on for hearing and had a ruling thereon by the referee, the defendant can not now complain of the action of the referee in considering and entertaining his motions, particularly when the only ground of objection is that the referee prematurely filed his judgment, and no harm has resulted therefrom to the defendant.

III.   The fourth assignment of error is that the court erred in forcing the defendant to a trial immediately after allowing plaintiff to withdraw the motion to strike

the third amended plea and to join issue thereon. The record shows that the referee did not force the defendant to trial immediately after allowing plaintiff to withdraw his motion to strike the plea and join issue. This motion to strike was permitted to be withdrawn by the referee on the 12th day of July, and the defendant was given until August 5th to introduce his evidence.

From what we have said upon the first assignment of error, we do not think there was an abuse of discretion by the referee in denying the motion for a further continuance of this cause.

IV. The fifth and sixth assignment of errors relate to the overruling of the motions for new trial and in arrest of judgment.

On the 29th day of August the referee denied the motion in arrest of judgment in these words: "The above motion is this day overruled as it does not appear that the defendant has given notice to the plaintiff of the filing of the motion." And on the same day the referee made the following ruling on the defendant's motion for a new trial: "The above motion is this day overruled, and it does not appear that the defendant had given notice to the plaintiff of the filing of the motion."

The attorney for the plaintiff in error does not argue or challenge here the correctness of the ruling made by the referee upon the various grounds set out in these two motions, but insists that the referee erred in overruling the motions "not because of insufficiency of merit, but because it does not appear that the defendant had given notice to the plaintiff of the filing of the motion."

We have carefully considered the grounds of these motions, and our conclusion is that the referee committed no error in overruling them. As these motions should have

been overruled on their merits, the action of the referee was correct, although he may have given a wrong reason for his decision. Bunday v. Dunbar, 5 Minn. 444, text 447; Nelson v. Munch. 23 Minn. 229. It is with the ruling itself and not with the reasons therefor that we have to do. Smith & Armstead v. Croom *et al.*, 7 Fla. 180; Colcord v. Conroy, 40 Fla. 97 text 108; Wallace v. State, 41 Fla. 547.

This disposes of all the assignments of error argued, and finding no error therein, the judgment of the court below is affirmed.

TAYLOR and HOCKER, JJ., concur.

SHACKLEFORD, C. J., and WHITFIELD and COCKRELL, JJ., concur in the opinion.