NATHAN B. HARRISON, Plaintiff in Error, *v.* JOHN CHIPP, Defendant in Error.

APPEAL TO THE SUPERIOR COURT OF CHICAGO.

If a justice of the peace, after having heard the evidence, continues a cause for any reason, it will be fatal, and the suit must fail.

A justice of the peace cannot take a case under advisement, even by consent of parties.

The parties in a suit pending before a justice, have a right to be present at every step in the cause.

A petition for a *certiorari* to remove a cause from a justice, should show with certainty the injustice sustained, also why a defense was not made; and be verified by the oath of the party, not supported by affidavits.

The employment of an attorney is not evidence of diligence.

THE petition in this case is as follows:

"John Chipp, the defendant in the above entitled cause, and petitioner herein, being first duly sworn, deposes and says, that on or about the 28th day of April, A. D. 1860, he was served by summons to appear before Charles H. Barmm, Esq., a justice of the peace of the county of Cook, on the 5th day of May, A. D. 1860, at 10 o'clock A. M. of said day, to answer to a suit wherein Nathan B. Harrison was plaintiff, and this deponent was defendant. Deponent further says, that said suit was brought by said Harrison to recover from him for his, the said Harrison's, services in obtaining a divorce for one Jane Chipp, in the Superior Court, from this defendant. Deponent further says, that under the order, as will fully appear by reference to the cause in this court, of the said Superior Court of Chicago aforesaid, he, as defendant in the suit of Jane Chipp against John Chipp, paid into court for Harrison the sum of fifty dollars, as his solicitor's fees, and that he is not in the least cent indebted to said Harrison, and that he never employed him in said cause, or in any other way; and that said Harrison does not pretend to have any claim of any kind, name or nature against him, except the said claim for services in obtaining a decree for divorce as aforesaid. Deponent further says, that he employed one E. F. Runyon, an attorney and counsellor at law, to defend said suit, and that said Runyon did appear upon the trial and defend the same for him; that after the trial of said cause, and at the time the same was argued, said justice was not, as he claimed, able to decide the same, and wished to have time to advise with the judges of the Superior Court aforesaid, or some one of them, about it; but that no time was specified as to when the same was to be decided.

"Deponent further says, that he intended, if said justice

should enter a judgment therein against him, to appeal the same, and for that purpose (he being absent from the city) employed said Runyon to watch the same, and see to the appealing of the same. That, as he is informed and verily believes, said Runyon inquired of said justice, and also of his clerk, Mr. Witt, at various times from said 10th day of May, the time that said cause was tried, up to the middle of July, as to whether said cause had ever been decided, and was invariably informed that it was not. And said Runyon was not informed of the same, as this deponent is informed and verily believes, until the 25th day of July.

"Deponent further says, that said justice now says and pretends to this deponent and his attorney, that he entered said judgment against him, and in favor of said Harrison, on the 13th day of June, for the sum of seventy-five dollars and costs of suit, and therefore refuses to grant his appeal.

"Deponent further says, that it is not owing to any negligence or default of his, and, as he believes, not on account of any negligence of said Runyon, that he was unable to take his appeal in the usual way; but he avers that the reason of his not taking the same was because he or his attorney were not permitted to know of said judgment being entered, until after the time for taking appeals had expired; that this application is not made for the purpose of delay, but that justice may be done. Deponent therefore prays that the affidavits hereto attached may be made a part of this his petition, and that a writ of certiorari may issue in said cause, in pursuance of the statute in such cases made and provided."

Daniel J. Avery, in his affidavit attached to said petition, says, that he is clerk of E. F. Runyon; that he recollects the trial of suit of *Harrison* v. *Chipp*, that he at various times, at the request of said Runyon and Jane Chipp, inquired of said justice and his clerk, he thinks once as late as the middle of July, if said suit had been decided, and was informed that it was not. That he has heard Runyon request said Barmm to let him know when the same was decided.

E. F. Runyon, in his affidavit attached to said petition, says, he was employed as attorney of said Chipp in the suit of *N. B. Harrison* v. *John Chipp;* that he was authorized by said Chipp to do everything in said cause that might be necessary to protect the rights of said Chipp. That he tried said cause before the justice of the peace. That he often inquired of said justice of the peace and his clerk if the same was decided; they said not. The last inquiry was about the middle of July, of the clerk, Mr. Witt; he was informed by Witt that the justice of the peace had not decided said suit. That he did not learn what

the judgment was until the 25th of July; then he learned that it was against Chipp, for $75 and costs.

Indorsed on said petition is the order granting the writ of certiorari in usual form, dated August 11th, 1860. VAN H. HIGGINS, Judge.

The writ of certiorari to the justice is in due form, issued August 13th, 1860.

The said plaintiff filed his motion, and the affidavits of C. H. Barmm, J. P., and P. H. Witt, with the clerk of said court, in the words and figures,.as follows:

Now comes the said plaintiff in the above entitled cause, and moves the court to dismiss the proceedings in the said cause in this court, quash the writ of certiorari, and order a writ of procedendo to issue, for the reasons following, to wit:

1st. That the petition does not set forth and show that the judgment before the justice was not the result of negligence on the part of the petitioner.

2nd. That the petition does not set forth and show wherein the judgment is unjust and erroneous, nor does the petitioner in his petition state that said judgment set forth in his petition is unjust and erroneous in his opinion.

3rd. That the petition does not show and set forth such a state of facts and circumstances as excuse the petitioner from taking an appeal in the ordinary way, or that will entitle him to a writ of certiorari.

4th. For that the judges of the Superior Court of Chicago, nor either of them, are authorized to grant a writ of certiorari.

C. H. Barmm, in his affidavit, says, that he is and has been an acting justice for two years last past. That Nathan B. Harrison brought suit before him against John Chipp, April 27th, 1860. That such proceedings were had before him. That all the testimony offered in said case was heard, and arguments concluded, on the 10th day of May, 1860. That by consent of the counsel he took said case under advisement. That on the 13th of June he decided said case, and caused his judgment to be entered in his docket. That his docket is and ever has been open and free for the inspection of all parties and their attorneys who have suits therein.

That he knows said E. F. Runyon and D. J. Avery; that neither of them' ever requested him to inform them when he gave judgment in said case. That he never told either of them that he had not decided said case after the 13th day of June, 1860.

P. H. Witt, in his affidavit, says, that he was employed as scribe by C. H. Barmm, J. P., in 1859 and 1860. That he recollects the suit of *N. B. Harrison* v. *John Chipp*, before said justice of the peace. That the same was taken under advisement

37

by said justice of the peace, by consent of the parties thereto. That said justice rendered his judgment on the 13th day of June, 1860. That he wrote the same in the docket of said justice of the peace, the same day. That said docket was always open to parties and their attorneys for examination. That he knows said E. F. Runyon and D. J. Avery; that each of them frequently examined said justice's docket; that he never told said Runyon nor said Avery, after said 13th day of June, 1860, that said justice had not decided said case.

The justice's transcript, filed with the clerk, Oct. 20th, 1860, is in usual form.

At the February term of said court, plaintiff in error submitted his motion to quash the writ.

Motion overruled, and exceptions taken.

At March term, 1861, of said court, the following proceedings were had in said case:

" This day comes said defendant, by Eben F. Runyon, his attorney, and this cause being called for trial in its order on the docket, and plaintiff not appearing to prosecute, on motion of defendant, it is ordered that the above entitled suit be and is hereby dismissed at the plaintiff's costs of prosecution.

" Therefore it is considered, that the said defendant do have and recover of and from the said plaintiff, his costs in this as well as in the court below, in this behalf expended, and thereof have execution."

The plaintiff in error assigns the following errors, to wit:

The court erred in overruling plaintiff's motion to strike from the defendant's petition the affidavits of E. F. Runyon and D. J. Avery.

The court erred in sustaining defendant's objection to the plaintiff's reading the counter-affidavits of C. H. Barmm and P. H. Witt.

The court erred in overruling plaintiff's motion to quash the writ of certiorari.

The court erred in overruling plaintiff's motion to dismiss the defendant's appeal for want of an affidavit of merits.

The court erred in dismissing the suit, and rendering judgment against said plaintiff for costs.

N. B. HARRISON, *pro se.*

E. F. RUNYON, for Defendant in Error.

WALKER, J. The first question presented by this record, is, whether the justice of the peace had the right, after hearing the evidence, to take the case under advisement. The statute has

conferred the authority to continue a cause before a justice of the peace for the purpose of procuring evidence, but the mode is prescribed by the act itself. There is no provision of the statute authorizing a justice of the peace, after the evidence is heard, to continue the cause for any purpose. And although before the evidence is heard, the parties may consent to a postponement of further proceedings until a time agreed upon, the justice of the peace can have no such power after the cause has been heard, nor can the parties consent that the decision may be indefinitely postponed. The 28th section of the statute has required that the justice, upon hearing the evidence, shall proceed to render judgment, and an unreasonable or indefinite postponement of the cause is not authorized or contemplated, and if granted or taken without the consent of parties, it must be held to work a discontinuance of the cause. *Green* v. *Angel*, 13 J. R. 469.

After the evidence was heard, the justice had no power to indefinitely postpone the announcement of his decision, nor could such a power be conferred by consent of the parties. And when the justice of the peace, in this case, took the case under advisement indefinitely, the cause became discontinued, and he thereby lost all jurisdiction to proceed until the parties were again before him by service of process or the entry of appearance. The law designs that the parties shall have the right to be present when every step is taken, and the officer has no power to deprive either party of that right. In this case, the justice of the peace, by the indefinite postponement of the cause, lost all jurisdiction over the parties, and was unauthorized to proceed to render the judgment. It being unauthorized, was not binding on the parties, and was void.

Again, the petition is loosely drawn, and falls short of the precision and certainty of statement required to authorize this writ. It fails clearly and certainly to point out in what the injustice consists. It only in general terms alleges that the defendant owed plaintiff nothing. He does not show that he introduced evidence, or did anything to defend himself before the justice, or if he was unable to procure his evidence on the trial, he fails to state the reason. He may have had an abundance of evidence at hand to defeat a recovery, and neglected to introduce it. If so, the judgment was the result of negligence. The mere employment of an attorney to attend the trial, is not evidence of diligence. The statute requires the petition to state the facts, and to be verified by the oath of the party. This precludes the use of affidavits of the facts, or any portion of them by others. For these reasons the writ of certiorari should have been quashed and the appeal dismissed.

The judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*