WILLIAM W. WITHERSPOON v. JOHN H. CLEGG AND DESIRE B. WILLEMIN.

*Trover—Proof of plaintiff's interest—Certiorari.*

Proof of a judgment and an execution issued on it in plaintiff's favor shows sufficient interest in the property levied on to sustain trover for its conversion.

Where an officer who has levied on a piece of property leaves it with a custodian and it is taken away by another person under a claim of superior right, trover lies as for its conversion.

On *certiorari* to a justice, the circuit court cannot take notice of errors that were not assigned in the affidavit for the writ, nor presume errors that were not affirmatively shown by the return.

Error to Wayne. Submitted Jan. 8. Decided Jan. 20.

TROVER. Plaintiff brings error.

*George W. Bates* for plaintiff in error. It is conversion to take possession of property in the custody of the law, *Johnson v. Grand Trunk Ry.*, 44 N. H., 626; even though the party taking it supposes he has a right to, *Flanders v. Colby*, 28 N. H., 34; *Hyde v. Noble*, 13 N. H., 494.

*C. H. Burritt* for defendants in error.

COOLEY, J. Witherspoon, being an acting constable of the city of Detroit, received for collection an execution on a judgment standing on the docket of Justice Barbier against William C. J. Campau at the suit of Edwin H. Stevens. This suit was dated December 4, 1876, and on the eighth day of that month he levied by virtue of it on a paper boat, which he took to and left at the Excelsior Boat Club in charge of one Plass. On the next day Willemin went to Witherspoon with what purported to be a copy of a mortgage from Campau to John H. Clegg of the boat, together with a buggy and cutter, given to secure a debt of three hundred dollars, dated November 24, 1876, and due three days thereafter. On this mortgage Willemin, as agent for Clegg, demanded possession of the boat, of Witherspoon, and on the latter refusing to deliver it up, went to the boat-house and took possession of it. Thereupon Witherspoon brought this suit in trover, and recovered judgment for the amount of the execution. Defendants sued out a writ of *certiorari* and alleged as errors that the judgment was rendered without any proof of conversion by the defendants, and without any proof of the plaintiff's interest in the property. There was a further assignment that the judg-

ment by Justice Barbier was not sufficiently proved, but this was manifestly without merit. The circuit court reversed the justice's judgment, and the case is now before us on writ of error.

The proof of plaintiff's interest was made by producing. the judgment rendered by Justice Barbier, and the execution issued upon it. The proof of conversion was also ample. The officer left the property in the boat house with a custodian, and Willemin, acting for Gregg, removed it claiming superior right. Nothing more could be essential to make out a right of action.

It is now claimed that the judgment of the circuit court should be sustained because Witherspoon had no right, as against Clegg's mortgage, to make a levy on a part of the property covered by it (*Worthington v. Hanna*, 23 Mich., 534; *Harvey v. McAdams*, 32 Mich., 477), and if he had, it does not appear that the mortgaged property was sufficient to pay both the mortgage and the execution, and consequently the judgment in favor of Witherspoon for the full amount of the execution was unwarranted. It is sufficient to say on these points that it does not appear from the record that the justice had his attention called to them, nor was any error assigned upon them in the affidavit for a *certiorari*. The circuit court could not take notice of errors which were not assigned, nor presume errors which were not affirmatively shown by the return. *Fowler v. Detroit & Milwaukee Ry. Co.*, 7 Mich., 79.

The judgment of the circuit court must be reversed and that of the justice affirmed, with costs of this and of the circuit court.

The other Justices concurred.