ALLAN SHELDEN ET AL. V. HARRY P. MERRILL ET AL.

*Chattel mortgage—Certified transcript—Evidence.*

1. How. Stat. § 7504, providing that certified transcripts of papers filed or recorded in a public office shall be evidence in like manner as the originals would be if produced, does not apply in any case where such originals would not prove themselves.[1]

2. It is no part of the duty, and it is not in the power, of a township clerk, to find out whether a paper left with him for filing is genuine, if purporting to be an original, or whether it is in fact an original, and not a copy; and the statute making such filing notice of the paper, such as it is, does not make either the file, or a copy of the file, proof of execution or of genuineness.

3. A certified copy of a 'chattel mortgage is not competent proof of the execution or genuineness of the instrument.

Error to Bay. (Green, J.) Argued February 10, 1888. Decided March 2, 1888.

Trover. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*A. McDonell,* for appellants.

*Hatch & Cooley,* for defendants.

CAMPBELL, J. Plaintiffs brought trover for a quantity of hay. They claimed under a chattel mortgage dated July 30, 1885, by Orange G. Emerson to plaintiffs, under their firm name of Allan Shelden & Co., and purporting to be filed in the town clerk's office of Vassar township on the day of its date. The names of two subscribing witnesses are appended. The mortgage does not purport to be acknowledged, and it is

---

[1] In *People v. Swetland,* decided at the October term, 1889, involving the admissibility in evidence of the record of a discharge of a mortgage which respondent was informed against for having forged, the Court held such record inadmissible.

not claimed an acknowledgment was necessary to its validity. The paper filed purported to be the original, and not a copy.

Upon the trial, the original mortgage was not produced, and no one testified that the paper on file was an original, executed by Emerson. He swore that he made a mortgage of similar purport, but had never seen it in the clerk's office.

The only proof produced was a paper certified in due form by the town clerk to be a true copy of the original in his office. He was not sworn as to his knowledge of Emerson's handwriting, or of that of the subscribing witnesses.

The circuit court held that the mortgage was not sufficiently proved. It is claimed on the argument here that the court below rejected evidence of a sworn copy. But we find no testimony offered or excluded of the execution of the mortgage, which was the real question in controversy.

Reliance is now had, to establish error, on the statute concerning evidence, which allows certified copies of papers on file in public offices to be used in evidence instead of the originals. How. Stat. § 7504. That provides that certified transcripts shall be evidence "in like manner as the original would be if produced."

This statute does not seem to apply in any case where the original, if produced, would not prove itself. We have some statutes which provide expressly for making certain records *prima facie,* but not conclusive, evidence of the execution and validity of the papers recorded. But all records are not made so, and for very good reasons. It is no part of the duty, and it is not in the power, of a town clerk, to find out whether a paper left with him for filing is genuine, if purporting to be an original, or whether it is in fact an original, and not a copy. The statute makes the filing notice of the paper, such as it is, but does not make either the file, or a copy of the file, proof of execution or of genuineness. On the contrary, in providing for certified copies of chattel mortgages and affidavits, it uses this language:

"A copy * * * shall be received in evidence, but only of the fact that such instrument, copy, or affidavit was received and filed according to the indorsement of the township clerk thereon, and of no other fact." How. Stat. § 6198.

This language is too plain to leave any doubt on the subject.

The ruling below was correct, and the judgment must be affirmed.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CHAMPLIN, J., did not sit.