LOREN D. RODMAN v. JOHN A. CLARK.

*Certiorari—Affidavit—Specification of errors—Judgment of affirmance.*

1. A party removing a case from justice's court by *certiorari* must point out the errors relied upon.

So *held*, where the affidavit alleged, as a ground of error,

that the justice erred in receiving in evidence a copy of a chattel mortgage, but failed to set out the form of the certificate, which was not shown by the justice's return.

2. In affirming a justice's judgment for $10 damages and $5.25 costs, on *certiorari*, the circuit court, instead of entering a simple judgment of affirmance, ordered a judgment for $15.25, and costs of that court to be taxed; and it is held that this was a mere formal error, for which the judgment will not be reversed; citing *Dooley v. Eilbert*, 47 Mich. 615.

Error to Gratiot. (Daboll, J.) Argued June 6, 1890. Decided June 13, 1890.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*C. J. Willett,* for appellant.

*John H. Norton* and *W. A. Bahlke,* for plaintiff.

LONG, J. The trial in this case was had in justice's court, and the cause removed to the circuit court of Gratiot county by *certiorari,* where the judgment in favor of the plaintiff was affirmed. It comes into this Court by writ of error.

The action was in replevin; the property being described in the affidavit for the writ as—

"Sixteen acres of clover-seed in the straw, on the land described as follows," describing the land.

On the trial before the justice, it appeared that the writ of replevin was issued by said justice, John Dunham, and placed in the hands of George Willard, a deputy-sheriff of Gratiot county, for service. The writ was served personally on the defendant in this cause, John A. Clark, under-sheriff of said county. The goods were replevied and turned over to the plaintiff in this suit. On the return-day of the writ, the parties appeared. The plaintiff declared in replevin for the unlawful detention of the property, and claimed damages of $25. The defendant

pleaded the general issue, and gave notice that he held
the property by virtue of a writ of execution issued by
Elias C. Phillips, a justice of the peace of the town of
Pine River, in that county. The cause was adjourned to
October 22, 1889, at which time the parties appeared by
their attorneys, and proceeded to trial.

The plaintiff was sworn in his own behalf, and testified
that the clover-seed in straw was turned over to him on a
chattel mortgage after it was cut, and he took possession
of it about August 1, 1889, under said chattel mortgage,
and before it was levied on by said Clark, and that he
had sustained $10 damages by being hindered by said levy,
and that he had threshed a part of said clover-seed, and
had got 19 bushels and 15 pounds of seed, and that the
balance was not as good.

Oscar Wilson, the mortgagor and defendant in the exe-
cution held by the defendant in this suit, and under
which the defendant claimed to have seized the property,
was called as a witness for plaintiff, and testified that he
cut the clover-seed, and when cut he turned it over to
the plaintiff in this suit; that this was about two weeks
before the levy of defendant's execution, and before he
knew of any judgment against him. The plaintiff also
put in evidence what purported to be a certified copy of
the chattel mortgage. This evidence was objected to on
the ground that the "certificate of the township clerk
was insufficient, incompetent."[1] The court overruled the
objection, and admitted the copy in evidence.

The defendant put in evidence the judgment rendered

---

[1] This is according to the return of the justice, which governs;
but the affidavit for *certiorari* states that the objection was that
the copy was "immaterial and incompetent, *because only proof of*
*filing*, and not properly certified, the township clerk only certifying
that it was a true copy;" and in support of the first branch of the
objection counsel for appellant cites *Sheldon v. Merrill*, 69 Mich.
156, holding that such a copy is not competent proof of the exe-
cution or genuineness of the mortgage.

in favor of one Earnest White against said Oscar Wilson before Elias C. Phillips, justice of the peace, as well as the execution issued thereon, upon which a levy upon this clover-seed was duly indorsed, and under which defendant claimed the right of possession. Mr. White, the plaintiff in the execution, was called as a witness for defendant, and testified that Mr. Rodman did not tell him that the clover-seed was turned over to him.

The justice, in his return to the writ of *certiorari,* says that—

"This is all the testimony given on the trial as taken down and remembered by me."

Judgment was rendered by the justice in favor of the plaintiff for the sum of $10 damages and $5.25 costs of suit.

The allegations of error contained in the affidavit for the writ of *certiorari* are:

"1. Said justice erred in receiving in evidence said copy of chattel mortgage.
"2. Said justice erred in rendering a judgment for ten dollars damages.
"3. The judgment should have been for defendant for his lien, there being a total want of evidence to sustain the judgment as given."

These objections are not well taken, and must be overruled. Counsel for defendant says in his brief that the certificate of the clerk to this copy was as follows:

"Hereby certify the within to be a true copy of a chattel mortgage now on file in this office."

In the affidavit for the writ of *certiorari,* it nowhere appears what the form of this certificate was, further than a statement that "the township clerk only certified that the same was a true copy." In the return to the writ, the only statement made by the justice is that "the clerk's certificate certified that it was a true copy of the

original mortgage," and that he held it good. The record nowhere contains the form of the mortgage, or of the certificate of the township clerk; and just what the form of the certificate was, we are not advised, except by the statement in the brief of defendant's counsel.

The defendant alleges error in the proceedings, and the burden is upon him to point out the error. If he relied upon the fact that the certificate to the copy of the mortgage which the plaintiff offered in evidence was defective in form, and for that reason the court erred in admitting it in evidence, he should have set out the form of the certificate in his affidavit for the writ, and obtained a return thereon. We are unable to find, from the record presented, what the form was, and therefore are unable to determine that the justice erred in holding it good.

On the second point, it may be said that there was. testimony tending to show the damages to the amount which the justice gave. The judgment was properly rendered for the plaintiff.

The form of the judgment in no manner affects the right of the defendant. It was, in effect, an affirmance of the judgment rendered by the justice. Instead of a simple affirmance, which should have been entered, the court ordered a new judgment for damages and costs. But, as was said in *Dooley v. Eilbert,* 47 Mich. 615, "this was a mere formal error; and could have wronged no one." The judgment before the justice was for $10 damages and $5.25 costs. The judgment entered in the circuit court was for $15.25, and costs of that court to be taxed. The judgment will not be reversed, as the amount is properly found and entered.

The judgment is affirmed, with costs.

The other Justices concurred.