The People ex rel. John L. Cook et al., Appellants, *v.* Egbert H. Hildreth et al., Respondents.

The office of an appeal from a determination of commissioners of highways laying out a highway, is to review the determination upon the merits; the referees appointed thereupon are confined to an examination on the merits and are bound to proceed upon the assumption that the order of the commissioners is valid.

The office of a writ of certiorari to review such a determination is to decide questions of law. The court may inquire as to the jurisdiction of the commissioner, whether he pursued the mode required by law, whether

any legal rules were violated to the prejudice of the relator, and it may examine the facts so far as to ascertain whether the determination was supported by evidence or was against the prepondering weight of evidence. (Code Civ. Pro. § 2140.)

The two remedies, therefore, are not inconsistent and may be pursued concurrently.

Such determination is final and binding when made, recorded and posted within the meaning of the provision of the Code of Civil Procedure (§ 2125), which requires that a certiorari to review it must be granted and served within four months after the determination becomes binding upon the relator or the person whom he represents; and the fact that an appeal has been brought to review the order does not suspend, during its pendency, the running of the statute.

Where, therefore, shortly after the making of an order by highway commissioners laying out a highway, an appeal was taken therefrom and within four months after the referees appointed thereon made their decision affirming the order of the commissioners, but nearly a year after said order was made, a writ of certiorari was issued, *held*, that the writ was properly quashed.

(Submitted April 22, 1891; decided May 5, 1891.)

Appeal from order of the General Term of the Supreme Court in the second judicial department made May 13, 1889, which affirmed an order of defendants as commissioners of highways laying out a highway and quashed a writ of certiorari to review said order.

The facts, so far a material, are stated in the opinion.

*B. K. Payne* for appellants. The decision of the court that a variance of a route of a proposed public road by the highway commissioners, 200 feet at one end and 1,000 feet at the other, from that applied for, is not an unlawful variance exceeding such officers' jurisdiction, and that the time during which the order of the commissioners laying out the road was inoperative and suspended by appeal before referees, is nevertheless to be operative for the purpose of limiting the writ of certiorari is erroneous. (Code Civ. Pro. § 2135.) The commissioners exceeded their jurisdiction. (*People ex rel.* v. *Village of Whitney's Point*, 102 N. Y. 81; Laws of 1870, chap. 291; Laws of 1871, chap. 870; *People ex rel.* v. *Carman*, 47 Hun, 380.) In computing the four months' limitation of time for

bringing a writ of certiorari, the time during which the determination to be reviewed is suspended by law should be excluded. (Laws of 1861, chap. 311; Thompson on Highways, 305; *Clark* v. *Phelps,* 4 Cow. 190.) A certiorari is not proper while an appeal is pending to the county judge from the decision of the commissioners. (*People* v. *Wallace,* 4 N. Y. Supp. 438; Thompson on Highways, 309; *Clark* v. *Phelps,* 4 Cow. 206.) The statute is imperative that the applicant for a highway through enclosed, improved or cultivated land, without the consent of the owner, shall specify, as near as may be, the route of the proposed highway or street, and the several tracts of land through which the same is proposed to be laid. (1 R. S. 514, § 59; *People* v. *Village of Whitney's Point,* 102 N. Y. 86.) The order of the commissioners being adjudged void, as it ought to be, the order of the referees affirming it will fall with it. (*Roberts* v. *S. S. D. Co.,* 123 N. Y. 58, 68.)

*E. A. Carpenter* for respondents. The writ of certiorari should have been granted and served within four calendar months after the determination to be reviewed became final and binding upon the relators, either in law or in fact. (Code Civ. Pro. § 2125; *Stilwell* v. *Carpenter,* 59 N. Y. 414.) The contention of the relators that in computing the four months' limitation for bringing the writ of certiorari, the time during which the determination of the commissioners was inoperative by virtue of the appeal, should be excluded, cannot obtain. (Code Civ. Pro. § 2125; 2 R. S. [5th ed.] 405, § 133; Laws of 1861, chap. 311.) The commissioners have not exceeded their jurisdiction. (*Hallock* v. *Woolsey,* 23 Wend. 328; *People* v. *Dutchess,* Id. 360.) The relators are not injured by the order of the commissioners. (*People ex rel.* v. *Schill,* 5 Lans. 352.) The fact that the road as laid out passes through improved lands other than those mentioned in the application does not establish a variance sufficient to render the proceedings void. (*Snyder* v. *Trumprour,* 38 N. Y. 355; *People ex rel.* v. *Tompkins,* 4 T. & C. 133.)

ANDREWS, J.    Section 2125 of the Code of Civil Procedure requires that a writ of certiorari to review a determination must be granted and served within four calendar months after the determination becomes binding upon the relator, or the person whom he represents, except where the relator or his representative is under some one or more of the disabilities specified in section 2126.

The determination of the commissioners laying out the highway sought to be reviewed by the certiorari in this case was made, recorded and posted April 30, 1887.    The writ of certiorari was not issued until April 24, 1888, and not served until May 4, 1888.    The relators were under none of the disabilities specified in section 2126, and the application for the writ not having been made until nearly a year after the order of the commissioners had been made, the statute would seem to be a complete defense to this proceeding. ·

But the relators rely upon certain subsequent proceedings which as is claimed suspended, during their pendency, the running of the statute.    On the 3d day of June, 1887, an appeal was taken by the relators from the order of the commissioners, and referees were duly appointed pursuant to the statute, who on the 29th day of March, 1888, made their decision, affirming the order of the commissioners laying out the highway.    It is claimed that an appeal suspends the power of the commissioners, and that until their acts are affirmed, they cannot open the road, and such is the rule. (*Clark* v. *Phelps*, 4 Cow. 190.)    Upon this the further claim is based that the order of the commissioners laying out the road did not become "final and binding upon the relators" until the appeal was determined, and that in counting the time given for the granting of the writ of certiorari, the period during which the appeal was pending should be deducted.    This claim is, we think, inadmissible.    The order made by the commissioners was a final order.    It was binding upon the relators and upon every person so long as it remained unreversed, provided the commissioners had jurisdiction.

The questions presented for determination upon an appeal

from an order of commissioners, and those brought up by a writ of certiorari, are not the same. There is in a general sense, the distinction which exists between a review by courts of questions of fact and law. The statute authorizes an appeal in order that there may be a reconsideration by another tribunal of the merits of the application for laying out a highway, in the nature of a review of the action of the commissioners. The referees may consider the question of the necessity of the proposed highway, whether it is required by the public interests, and all circumstances bearing upon the expediency of laying it out, and they may reverse or affirm the action of the commissioners, as in their judgment they may determine. They are confined to the examination of the case on the merits and they are to proceed upon the assumption that the order of the commissioners is valid. (*Commissioners* v. *Judges of Orange County*, 13 Wend. 432; *People* v. *Judges of Suffolk County*, 24 id. 249; *People ex rel. Hubbard* v. *Harris*, 63 N. Y. 391.)

The office of a writ of certiorari is quite different. The scope of the writ and the questions which may be determined thereon are defined by the statute. (§ 2140.) The statute has extended the operation of the writ beyond what it had at common law. Not only may the court inquire as to the jurisdiction of the body or the officer making the determination which is the subject of review, and whether it has pursued the mode required by law, but also, whether any legal rules have been violated to the prejudice of the relator, and it may examine the facts so far as to ascertain whether the determination was supported by evidence, or was against the preponderating weight of evidence.

There is no qualification in section 2125 of the Code, or in subsequent sections, which prevents the application of the four months' limitation in a case like this. There is nothing to prevent a relator from taking both an appeal from an order of the commissioners, and suing out a certiorari at the same time and pursuing both remedies concurrently. The determination of the appeal where the order is affirmed, does not

establish the legality of the action of the commissioners, and if a relator may await the termination of the appeal before suing out the certiorari, serious delay would in many cases be occasioned.

We think the four months' limitation is a bar to this proceeding and the order should, therefore, be affirmed.

All concur.

Order affirmed.