Argued January 7; decided February 2?. 1897.

## SOUTHERN OREGON CO. v. COOS CO.
### (47 Pac. 584.)

1. Time Within Which Writ of Review May Be Taken—Code, §
590.—Hill's Code, § 590, providing that a writ of review shall not
be allowed unless application be made within six months from
the decision complained of, is a conclusive limitation of the power
of the supervising court to issue the writ: *Or. & Wash. Sav.
Bank* v. *Jordan*, 16 Or. 117, cited and followed.

2. Final Order — Writ of Review.—An order of the County
Court, levying a tax after equalizing and considering the assess-
ment roll, is a final order from which a writ of review may be
prosecuted.

3. Description of Order to Be Reviewed—Code, § 584.—A peti-
tion for a writ of review sufficiently describes the order to be
reviewed when it states the substance and purpose of the order;
a misstatement of the date is immaterial.

4. Sufficiency of Petition for Writ of Review—Code, § 584.—
Under section 584 of Hill's Code, which provides that the peti-
tion of the plaintiff shall set forth the errors alleged to have been
committed, a statement in the petition that the inferior court acted
without jurisdiction is clearly insufficient, for it states only a
conclusion of law.

5. Idem.—A petition for a writ of review, under section 584 of Hill's
Code, must be complete within itself, and reference cannot be had
to the return to supply omissions in the petition; and, moreover,
the petition must contain such a statement of the errors alleged
to have been committed as will inform interested persons of the
questions intended to be raised.

From Coos:  J. C. Fullerton, Judge.

Petition for writ of review by the Southern Pacific
Company against Coos County and its officers, to avoid
the results of certain tax levies.  The Circuit Court, after
a hearing on the merits, dismissed the petition, where-
upon this appeal was prosecuted by plaintiff.

AFFIRMED.

For appellant there was a brief over the names of
*J. W. Hamilton, Dolph, Mallory & Simon,* and *John A. Gray,*
with an oral argument by Mr. *Rufus Mallory* and Mr.
*Hamilton.*

For respondents there was a brief over the names of *Geo. M. Brown*, District Attorney, and *S. H. Hazard*, with an oral argument by *Mr. Hazard*.

Opinion by Mr. Justice Wolverton.

On September 15, 1894, the Southern Oregon Company petitioned the court below for a writ of review, for the purpose of having certified up for review the records and proceedings of the County Court of Coos County in the matter of the assessment of plaintiff's property for the year 1893, including the orders of the board of equalization respecting the same. The petition states, in substance, that plaintiff is a corporation organized and existing under the laws of Oregon; that at the times therein mentioned Schroeder was county judge, and Stitt and Ross commissioners of said county; that Coos County is a public corporation, and the defendant Gage its sheriff; that on September 13, 1894, said sheriff, by virtue of a tax warrant issued out of the County Court of Coos County, directing him to collect the delinquent taxes for the year 1893, levied upon certain personal property of plaintiff, and threatens to sell the same and apply the proceeds thereof to the payment of $7,046.42, the amount of plaintiff's alleged taxes for the year 1893; that the warrant so issued is based upon an order of the County Court, made and entered July 13, 1894, directing the county clerk to issue the same for the collection of delinquent taxes due upon several lists, including that of 1893; that the only ground for making the order is a pretended assessment of the property within the county for the year named; that the roll was not filed until September 25, 1893, and after the expiration of any time allowed by the County Court for filing the same; that the assessor failed to give notice of the meeting of the board of equaliza-

tion; that no meeting of the board was ever held, as provided by law, for the equalization of such assessment; that plaintiff was afforded no opportunity by said board to apply for the correction of its assessment; and that there was no assessment of plaintiff's property for the year 1893, other than that referred to in said petition. The errors assigned are: First, the order of the County Court is insufficient, in that it does not show that any taxes had been levied upon plaintiff's property for the year 1893, or that any such remained unpaid or delinquent; second, that it appears from the record that no taxes had been levied upon its property for 1893; third, that the County Court was without jurisdiction to make the order of July 13, 1894; fourth, the County Court did not find what sum, if any, was due from plaintiff for taxes levied upon its property for the year named; and, fifth, plaintiff was not notified of the intended proceedings.

The return to the writ shows that orders were made and proceedings had as follows: On Monday, July 10, 1893, the County Court, at an adjourned meeting, made an order extending the time for the return of the assessment roll to the fourth Monday in September, 1893, at which time the board of equalization for Coos County convened, and adjourned to the following day. The plaintiff appeared at the adjourned meeting by R. E. Shine, its secretary, and later on by John A. Gray, its attorney, and requested a reduction of its assessments, as did other persons. After hearing some testimony offered by the parties, it adjourned to the following day, and then until October 16, 1893, when the hearing was resumed, and continued from day to day until October 23, 1893, at which date it made and entered an order reducing the plaintiff's assessment between $5,000 and $6,000. The board again convened on the following day, and filed in the County Court a certified statement of its doings and proceedings,

from which it appears that it reduced the valuation of all property appearing upon the assessment roll, "except money, notes, accounts, improvements, and goods, wares, and merchandise, twenty-five per cent. of the value fixed by the assessor." On the 3d day of January, 1894, the plaintiff appeared and petitioned the court, then in regular session, for a reduction of its assessment for 1893, claiming that the action of the board of equalization was irregular and illegal, as having continued its sessions beyond the week of its first meeting. The court continued the hearing from time to time, until January 20, 1894, when it finally determined that the action of the board was irregular, but approved the reduction made by it of plaintiff's assessment, and reduced the same largely in addition thereto. On January 23, the County Court levied a tax of nineteen mills on the dollar, and. on March 8, 1894, a warrant was issued to the sheriff for the collection thereof. On April 12 it made an order enlarging the time within which the taxes so levied were to become delinquent to June 20, 1894, and extending the time for the return of the delinquent list to July 5, 1894. On July 12, 1894, the sheriff made an irregular return of the same by certificate, and on the following day the County Court made the order specified in the petition as made of the 13th and the warrant was issued by the clerk in pursuance of this order July 17, 1894, and is the same under which it is alleged the sheriff is acting. The defendant moved the court below to quash the writ, and, the motion being allowed, it was adjudged that the proceedings be dismissed, from which judgment this appeal is prosecuted.

The motion to quash presents two questions that go to the sufficiency of the petition for the writ, which are decisive of the case. The first is that it does not state sufficient facts to authorize the issuance of the writ, in that it does not describe with convenient certainty the

decision or determination sought to be reviewed, nor does it assign or specify the errors which it is sought to have corrected; and, second, that the decisions and determinations sought to be reviewed were all made more than six months prior to the application for the writ except the order of the County Court for July 12, 1894. We will treat of these in their reverse order.

1.  The statute provides that in no case shall the writ be allowed unless application therefor be made within six months from the date of the decision or determination complained of: Hill's Code, § 590. This limitation is conclusive of the power of the supervising court to issue it: *Rhea* v. *Umatilla County*, 2 Or. 298, approved in *Or. & Wash. Sav. Bank* v. *Jordan*, 16 Or. 117 (17 Pac. 621); 2 Spelling's Extraordinary Relief, § 1902; *Cunningham* v. *La Crosse Packet Co.*, 10 Minn. 299; *People ex rel.* v. *Hildreth*, 126 N. Y. 360 (27 N. E. 558); *Chamberlain* v. *Barclay*, 13 N. J. Law, 244.

2.  It is one of the purposes of the present writ to have reviewed the decisions and determinations of several functionaries, including the assessor, board of equalization, and the County Court of Coos County, touching the making up of the assessment roll of 1893. The assessor returned the roll September 25, 1893, and the board of equalization met on the same day, and continued its sessions from time to time until October 24 following, when it certified its proceedings to the County Court, and thenceforth ceased to exercise its functions as such board. The County Court, having begun its examination of the roll January 3, 1894, made its final determination concerning it on the 20th, and levied the tax on the 23d. It is now claimed that the return of the assessor was not made within the enlarged time granted by order of the County Court; that the board of equalization acted without jurisdiction, by reason of an alleged failure of the

assessor to give proper notice of its meeting, and by reason of having continued its examination and correction of the roll for a greater period of time than one week; and that he acts of the County Court were coram non judice, beca se of the alleged irregularities of the board of equalizat. n; hence, that the assessment is void. It seems to be conceded by both sides that the tax roll, when completed, partakes of the nature of a judgment against the individual taxpayer: *Rhea* v. *Umatilla Co.*, 2 Or. 298; Hill's Code, § 2792; 25 Am. & Eng. Enc. Law (1st Ed.), 292; 1 Blackwell on Tax Titles, § 331. The roll is completed, in so far as any judicial action is required of the several functionaries engaged in its preparation, when the tax levy is made by the County Court. This is the final decision or determination against the taxpayer, and fixes the amount of taxes he is required to pay the county, and what remains to be done in extending and copying the roll is merely clerical and ministerial. Now, we have seen that the levy was made on January 23, 1894, more than six months prior to the filing of the petition; hence the writ came too late to have reviewed any action of the County Court or the board of equalization or the assessor in making up and completing the assessment roll for 1893. We are not to be understood as indicating by anything we have said what determinations of either of these functionaries are so far final as to support the writ; but that the order levying the tax is at least such a final order, from which a review will lie, and, the plaintiff having failed to apply for the writ within six months from the date of such levy, its remedy by review with a purpose of having determined whether or not the assessment and levy were regularly made and by competent authority is now cut off by statute.

3. This conclusion eliminates from our consideration all questions presented at the hearing, except the

regularity and validity of the order of July 12, 1894; and, as to this, the defendants' first objection goes to the sufficiency of the assignments of error in the petition for the writ respecting it. We think the order complained of is sufficiently described. The gist of it is set out, and we know from an inspection of the petition what the decision or determination of the court was, and the error in the allegations touching the date of its entry is of no consequence.

4. Plaintiff insisted at the argument that the court was without jurisdiction to make the order, for two reasons: One is that the sheriff had failed to make or annex to his return of delinquent taxes an affidavit to the effect that the sums therein returned as unpaid were not paid, and that he had not upon diligent inquiry been able to discover any goods or chattels belonging to the persons charged with such unpaid taxes, whereon he could levy the same, as required by section 2811, Hill's Code; and the other is that there was no valid assessment for 1893 upon which to base the order. While it is true the answer to the writ shows that the sheriff certified his return, instead of making affidavit thereto, the petition is entirely silent on the subject. There is no showing therein indicating the nature thereof, or whether a return of any kind was or was not made; nor does it anywhere question the jurisdiction of the County Court on the ground that the sheriff failed to verify his return by affidavit. The third assignment of error is, in substance, that the order was made without jurisdiction, but this is a conclusion of law, and would seem to be a deduction from the two preceding assignments, which are, in effect, that no tax had been levied upon plaintiff's property for the year 1893, and that the order itself does not show such levy.

5. The statute (Hill's Code, § 584) provides that the

writ shall be allowed, upon the petition of the plaintiff describing the decision or determination sought to be reviewed with convenient certainty, and setting forth the errors alleged to have been committed. This requirement is no departure from the ordinary rules of pleading pertaining to applications for the writ. The petition should state such facts as would show prima facie, by an inspection of it, that the inferior court or tribunal has acted without jurisdiction, or has exercised its functions erroneously; and, as in other pleadings, a statement of a conclusion of law is bad: 2 Spelling's Extraordinary Relief, §§ 1992 and 1993. Under the Georgia Code, whereby it is required that the petition "shall plainly and distinctly set forth the errors complained of," it has been held that the petition should set forth the ground of error: *Western, etc., R. R. Co.* v. *Jackson,* 81 Ga. 478 (8 S. E. 209). In Michigan it has become authoritatively settled that the object of a similar statute is "to require such a statement of the grounds of the allegation of error as will inform the court and opposite party of the nature of the questions intended to be raised": *Fowler* v. *D. & M. R. R. Co.,* 7 Mich. 79. And the error must be specifically assigned: *Witherspoon* v. *Clegg,* 42 Mich. 484 (4 N. W. 209); *Welch* v. *Bagg,* 12 Mich. 42; *Rodman* v. *Clark,* 81 Mich. 466 (45 N. W. 1001); 4 Enc. Pl. & Pr. 149. As bearing upon and in further support of these propositions, we cite: *Independent Pub. Co.* v. *Am. Press Ass'n,* 102 Ala. 475 (15 South, 947, 950); *Wood* v. *Lake,* 3 Colo. App. 284 (33 Pac. 80); *Harrison* v. *Chipp,* 25 Ill. 575; *Chambers* v. *Lewis,* 9 Iowa, 583; *People* v. *Com's of Taxes and Assessments,* 26 N. Y. Sup. 941; *People* v. *Board of Assessors,* 32 N. Y. Sup. 344; *Brandon* v. *Superior Court,* 60 Cal. 576. Considered in the light of these authorities, the petition is clearly insufficient to present the question insisted upon, viz.: that the court was without jurisdiction to make the order

of July 12, 1894, on account of the failure of the sheriff to make affidavit to his return of delinquent taxes as required by section 2811; and, this being so, we are precluded from looking into it upon the record.

Nor can we by this proceeding examine into the validity of the assessment roll, to determine whether or not the County Court was warranted in making the order. The office of the writ is to revise the decisions and determinations of the inferior court or tribunal, and the supervising court has the power to affirm, modify, reverse, or amend the same; but, being precluded by the lapse of time from reviewing the determinations of the functionaries whose duty it was to make up the roll, we cannot revise anything these tribunals have done respecting it. So that the regularity of the assessment and levy has become a matter wholly collateral to the question whether or not the order of July 12 was properly and authoritatively made and entered. The review is a direct proceeding, and was designed to promote a revision of the decisions of inferior tribunals, and to correct errors therein; but, if used to try collateral issues of this kind, it would result in a defeat of the very purposes of the writ. Of course, if there were no assessment and levy whatever, or if the tax itself were vicious, or such as the legislature could not lawfully impose, the order would undoubtedly be void, as would any process designed for the enforcement of the payment of the tax; but we think it a sufficient basis for such an order that there is a delinquent list regularly returned by the proper officer, and that in determining its validity it is unnecessary to inquire into the regularity of the original roll.

AFFIRMED.