DRAKE *v.* INTERNATIONAL HARVESTER CO. OF AMERICA.

150 561
f153 ¹408

1. JUSTICES OF THE PEACE — CERTIORARI — REVIEW — QUESTIONS CONSIDERED.

On certiorari to review a judgment of a justice of the peace, the circuit court can reverse the judgment only for some error assigned in the affidavit for the writ.

2. APPEAL AND ERROR—REVIEW—LIMITATION BY RECORD.

On appeal from a judgment of the circuit court on certiorari to a justice of the peace, this court can only consider such questions as are shown by the record to have been properly raised in the circuit court; and where the affidavit for certiorari is not in the record, no question for review appears.

3. SAME—RECORD—REMAND—AMENDMENT.

This court will not entertain a motion to remand and correct a record on appeal in aid of an appellant who is not seeking a reversal on a meritorious ground.

4. SAME —REVIEW —MERITORIOUS QUESTION — PRESUMPTION—CONTRACT FOR SERVICES.

Where a plaintiff suing for services rendered was prevented from proving the contract upon which he was employed by reason of the death of defendant's agent who employed him, whereupon he proved the services and their value and recovered upon the quantum meruit, defendant's ground of reversal that it must be presumed that the contract with defendant's agent provided for compensation, whence there could be no recovery upon the quantum meruit, is not meritorious, unless plaintiff agreed with defendant's agent to receive less than adequate compensation, an agreement not to be presumed.

Case made from Wayne; Brooke, J. Submitted November 13, 1907. ( Docket No. 165.). Decided December 30, 1907.

Assumpsit by J. Walter Drake against the International Harvester Company of America for services ren-

150 MICH.—36.

dered. There was judgment for plaintiff, and defendant appeals. Affirmed.

*Walters & Walters*, for appellant.

*J. Walter Drake*, in pro. per.

CARPENTER, J. This suit was commenced in justice's court. It was brought for the recovery of attorney fees. Plaintiff was the only witness. He testified that there was an agreement entered into between himself and one Levi G. Merriman, general agent for the defendant; that before the commencement of this action the said Levi G. Merriman died. Defendant objected to the admission of any testimony relative to the agreement for services performed under said agreement as being equally within the knowledge of the deceased. Plaintiff thereupon introduced testimony showing the services he rendered and their value, and was permitted to recover upon the quantum meruit. The case was taken to the circuit court by a writ of certiorari and the judgment of the justice affirmed. It is brought before us for review upon a case made, and we are asked to reverse the judgment of the circuit court upon the ground that it is to be presumed that the agreement made between plaintiff and defendant's general agent provided for the former's compensation, and therefore there can be no recovery on the quantum meruit. We cannot consider this question. We can only consider such questions as are shown by the record to have been properly raised in the circuit court. What those questions were does not appear. They would be shown by the errors assigned in the affidavit for the writ of certiorari, and for no other error could the circuit court reverse the judgment. See *Higley* v. *Lant*, 3 Mich. 612; *Fowler* v. *Railway Co.*, 7 Mich. 79; *Witherspoon* v. *Clegg*, 42 Mich. 484. That affidavit is not contained in the record in this court, and we have no means of knowing what errors were assigned therein.

If defendant were seeking to reverse the judgment up-

on a meritorious ground, we might entertain a motion to remand and correct the record. But it is not seeking to reverse the judgment upon a meritorious ground. Its ground of reversal is not meritorious unless plaintiff agreed with defendant's general agent to receive less than adequate compensation for his services. It is not to be presumed that he made that agreement.

The judgment is affirmed.

McALVAY, C. J., and GRANT, BLAIR, and MOORE, JJ., concurred.